## Kemp *v.* State.

[83 South. 744, In Banc. No. 21045.]

INDICTMENT AND INFORMATION. *Error to permit amendment of indictment.*

It was error for the court to permit the state to amend an indictment framed under Code 1906, section 1029 (Hemingway's Code, section 754) charging that defendants did unlawfully cohabit together in adultery, by striking therefrom the words "in adultery" the charge of cohabitation "in adultery" being a matter of substance in the indictment.

APPEAL from the circuit court of Humphreys county. HON. H. H. ELMORE, Judge.

Mollie Wemp was convicted of unlawful cohabitation with a male and appeals.

The facts are fully stated in the opinion of the court.

*Mortimer & Sykes,* for appellant.

Replying to the brief of the attorney-general, the decision of this case involves a construction of the Code of 1906, section 1508, being section 1266 of Hemingway's Code.

We wish to say at the outset that this statute is in derogation of the common law and should be strictly construed. In speaking of such statutes the court in the case of *Clarke* v. *State,* 100 Miss. 754, second paragraph, uses the following language. ''The standing aside from the beaten path of immemorial usage worn hard and bare by the footsteps of our forefathers in the law, in order to make way for the passing of the funeral cortege, brought by a too liberal construction of the criminal statute enacted in derogation of the common law is the recognition and enforcement of a dangerous doctrine to comport with the humane and beneficent conduct of the civilized court.''

This specific section sets out six instances in which when there shall appear to be a variance between the statement in the indictment and the evidence offered in proof, an amendment may be allowed. They are: First. In the name of any county, city, town, village, division or any other place mentioned in such indictment. Second. In the name or description of any person or body politic or corporate, therein stated or alleged to be the owner of any property, real or personal, which shall form the subject of any offense charged therein. Third. In the name or description of any person, body politic, or corporate, therein stated or al-

leged to be injured or damaged, or intended to be injured, or damaged by the commission of such offense. Fourth. In the christian name or surname or both, or every description whatever or any person whomsoever therein named or described. Fifth. In the ownership of any property named or described therein. Sixth. In the description of any property or things.

Taking up the cases cited by the attorney-general in the order in which he cites them, in *McGuire* v. *State,* 91 Miss. 414, the amendment therein made is expressly authorized by section 1508 sub-division five above set out, viz: In the ownership of any property named or described therein.

Coming next to *Thurmond* v. *State,* 94 Miss. 1, the amendment therein is specially authorized by this section and in our sub-division number three, viz: "In the name or description of any person . . . therein stated or alleged to be injured or damaged, etc.

In *Winston* v. *State,* 101 Miss. 101, cited by counsel, this amendment is specifically authorized by section 1508, our subdivision number one, viz: "In the name if any county, city, town, village, division, or any other place mentioned, etc."

In *Smith* v. *State,* 60 So. 330, cited by counsel, the amendment is expressly authorized by our sub-division number four, of this section viz: "In the christian name or surname, or both, etc." *Clark* v. *State,* 100 Miss. 751, has no application to the case at bar because while the state had the right to amend the indictment under section 1508, they did not amend it, and the case was properly reversed.

At the top of page six of his brief the attorney-general wisely and correctly observed that "None of these amendments would have been permissible under the common law." Which is an admission on his part that this statute is in derogation of the common law,

and those amendments are allowable only and solely which are found therein.

Counsel also observed in his brief that our contention lies upon the old authorities, common-law rules. In this he is also eminently correct, and it is our contention also that so far as this case is concerned the common-law rules are still in force and effect. He even makes the statement "that this court would not now hold that a man charged with stealing a black horse could escape punishment because proof showed color of horse which he stole to have been red." He also makes the further statement that this court would not now reverse the case because the name of a person indicted for murder which the proof actually showed he committed was stated in the indictment as that of Mitchell J. McGuire and proof showed his name was Michael J. McGuire: In both instances he is incorrect, and to prove that contention we cite his own authority that of *Clarke* v. *State.*

In 100 Miss. 751, wherein the defendant was indicted for killing one man and the proof showed he killed another, and after being convicted on appeal, the case was reversed for the reason that the indictment was not amended. In the Clark case, as already above observed, the indictment could have been amended, because of section 1508, but had it not been for that section it could not have been amended, because that section specifically provides for such an amendment.

What counsel overlooked is the fact that there is absolutely nothing in section 1508 which permits an amendment such as was made in the case at bar. The case at bar falls within the following class of cases. *Bloomenberg* v. *State,* 55 Miss. 529; *Tyler* v. *State,* 69 Miss. 395, 11 So. 25; *Hudson* v. *Stote,* 73 Miss. 784, 19 So. 965.

In all three of these cases, defendants were charged with unlawful sale of intoxicating liquors, and it was

specifically stated in the indictment to whom the sales were made. In the Hudson case, the affidavit was amended by striking out the names of the persons to whom the sales were made on account of the inability on the part of the state to prove that the sales were made to the parties to whom it was charged they were made.

In the Hudson case, Judge Wood uses this language: "Any sale of liquor unlawfully to any man is an offense, and may be charged in general terms, but when a sale to a particular person is charged, the name of the buyer, as we have seen, becomes descriptive of the identity of that which is legally essential to the charge, and no amendment in such case is permissible which charges another and distinct offense. He also uses this language: "It is true that no averment of the names of the buyers in the affidavit was originally necessary, yet by making that unnecessary averment, it becomes essential as descriptive of the offense charged, citing *Tyler* v. *State,* 69 Miss. 395.

As stated in our original brief, it was unnecessary to charge the manner of cohabiting in the indictment, but the state saw fit to charge that it was cohabiting "in adultery" and "in making that unnecessary averment it became essential as descriptive of the offense charged."

In conclusion we respectfully submit that an examination of section 1508 of the Code of 1906, being section 1266 of Hemingway's Code, will disclose no authority whatever for an amendment such as was made in the instant case, and that in permitting such an amendment the trial court committed, an error so grave that the cause should be reversed and remanded.

*N. T. Currie,* attorney-general, for the state.

The appellant was not prejudiced by the amendment. If error, it was a harmless error. *Tynes* v. *State,* 93

Miss. 119, 46 So. 538. The amendment in this case was permissible under section 1266 of Hemingway's Annotated Mississippi Code of 1917. When the amendment was allowed, the appellant had the right, if she deemed herself prejudiced thereby, to move the court to withdraw the case from the jury and continue it or postpone it until a later day. No such request was made by the appellant and the trial proceeded with her consent with the amendment to clear a variance between the allegation in the indictment and the proof in the case. Counsel for the appellant make their contention lie upon very old authorities, common law rules. This court would not now hold that a man charged with stealing a black horse could escape punishment because the proof showed the color of the horse which he actually stole to be red. This court would not reverse a case now because the name of a person indicted for a murder which the proof showed he actually committed was stated in the indictment as that of Mitchell J. McGuire and the proof showed his name was Michael J. McGuire.

All such trivial matters are now held not to be a matter of substance. Counsel for the appellant in their brief admitted that it was unnecessary to charge the unlawful cohabitation as ''in adultery or in fornication,'' thus admitting that an indictment drawn under this statute charging unlawful cohabitation charges the offense created and punished by the statute. If this is true as a matter of law and reason, it goes without saying that the words ''in adultery or in fornification'' are mere surplusage in the statute and indictment and are not necessarily descriptive of the offense because in either case there is but one offense, that of unlawful cohabitation.

Under this indictment, the only material matter for the state to prove was the unlawful cohabitation together of J. W. Morrison and Mollie Kemp, the appellant, and

this the state accomplished to the satisfaction of the jury. That is all the statute required the state to prove. We do not care to be drawn into a lengthy discussion of the old, unreasonable, highly technical and obsolete rules of the common law. We prefer to deal with the question in the light of more modern statutes and decisions. In the case of *McGuire* v. *State,* 91 Miss. 414, 44 So. 802, this court held where an indictment for forgery based upon the folljwing order: "Mr. ——, Express Agent; Please let this boy have my jug. Willie Foster," and afterwards, by permission of the court the name Willie Foster was stricken out and the express company substituted for and the amendment was allowed, since the identity of the offense was in no wise changed. In the case of *Thurmond* v. *State,* 94 Miss. 1, 74 So. 434, which holds, under Code 1906, paragraph 1508, an indictment charging accused with the murder of one man, and a conviction under the same indictment for the murder of another man. An amendment to the indictment was made so as to describe decedent as "Convict 12," the evidence showing that "Convict 12" was the name decedent was known by and the witness being unable to say whether decedent's name was Will Johnson.

In the case of *Winston* v. *State,* 101 Miss. 101, 57, So. 545, this court held under Code 1906, paragraph 1508, an amendment to an indictment for assault and battery by the insertion of the words "and district" between the words "in the county" and "aforesaid," making it read: "In the county and district aforesaid."

In the case of *Smith* v. *State,* 30 Miss. 356, 60 So. 330, this court held under the expressed provisions of Code 1906, paragraph 1508, that the court may allow an amendment to an indictment so as to give the correct christian name of the accused. None of these amendments would have been permissible under the common law and under the rule contended for by counsel for

appellant, however, we find them all held allowable under our statutes and practice.

In the case of *White* v. *State*, 95 Miss. 75, 48 So. 611, it was held by this court where an affidavit for maliciously shooting a horse which neither set out the name of the horse nor its description, laid the ownership of the horse in one person, it was error to amend the affidavit by laying the ownership in another. That is true for the reason that there was absolutely nothing in the indictment from which the horse could be identified.

In the case at bar the accused were named J. W. Morrison and Mollie Kemp, the place of their residence is set out; the fact of their unlawful cohabitation is set out; both they and their offense clearly identified and specifically described without the words "in adultery," which was stricken from the indictment.

In the case of *Clarke* v. *State*, 100 Miss. 751, 57 So. 209, this court held where an indictment for murder charged the killing of the person named and the evidence showed the killing of another person and the state did not seek to change the indictment the conviction could not be sustained on the theory that the trial court could have amended the indictment as authorized by Code 1906, paragraph 1508. The reason is that in such a situation the accused could not plead former jeopardy in a subsequent trial; that is *autrefois convict* or *autrefois acquit*. The decision, therefore, would have been otherwise had the state, as it had the right to do, amended the proof so as to make it correspond with the allegation in the indictment. Counsel for appellant contends that the words "in adultery" could not be stricken from the indictment by amendment for the reason that they are descriptive of the persons indicted, the words "in adultery" importing into the indictment the allegation that the persons indicted were not single but married, but not to each other.

Under the old common-law rule contended for by appellant's counsel the point is good, but by an examination into the authorities, that is, statutes and text books, we find in 1 Russell on Crimes, page 54, that the fourteenth and fifteenth Vict. ch. 100, reciting that offenders frequently escape conviction on their trials by reason of the technical strictness of criminal proceedings in matters not material to the merits of the case, and variances between the proof and the indictment expressly provides that the very amendment which the court allowed in the case at bar might be made, for in those acts it is provided, among, other things, that an indictment may be amended, "in the name or description of any person or persons . . . or in the christian name or surname or both christian and surname," and then follows, this sweeping provision: "or for other description whatsoever, of any person or persons whomsoever therein named or described, or in the name or description of any matter or thing whatsoever therein named or described."

1 Russell on Crimes, pages 54 and 55. Sections 1266 and 1267 of Hemingway's Annotated Mississippi Code 1917, are reprints substantially of the Acts of Vict. ch. 100, fourteenth and fifteenth, above quoted from. We invite the court to compare the two statutes with said Acts 14 and 15.

Unlawful cohabitation is a mere misdemeanor and the intervention of a new grand jury and a new indictment was not at all necessary to effect the amendment made in the indictment in this case.

We submit finally upon this point that the test now is whether, under a subsequent prosecution for the same offense, the appellant could, upon the record in this case as it now stands, successfully plead *autrefois convict.*

The gist of the offense is unlawful cohabitation, and the statute really has no regard so far as a matter of

substance is concerned whether that unlawful cohabitation be between married or single persons because in enther case the offense and the punishment are all the same.

We submit that the amendment was properly allowed, the peremptory instruction properly refused, and the guilt of the appellant conclusively established and that the case ought to be affirmed.

HOLDEN, J., delivered the opinion of the court.

The appellant, Mollie Kemp, was jointly indicted and convicted with one Morrison on a charge of unlawful cohabitation, from which she appeals; the charging part of the indictment being as follows:

"That J. W. Morrison and Mollie Kemp, in said county, on the 1st day of May, 1916, and continually until the date of filing of this indictment, the said J. W. Morrison a man, and Mollie Kemp, a woman, they not being then and there lawfully married each to the other, did lewdly and unlawfully cohabit together in adultery."

On the trial of the case the state failed to prove that either party was married; that is, that the parties had cohabited "in adultery" as charged. When counsel for appellant moved the court for a peremptory instruction and discharge of the appellant for the reason that the state had failed to prove the adultery as alleged in the indictment the court permitted the district attorney, on motion, to amend the indictment by striking out the words "in adultery." Thereupon the case went to the jury, resulting in a conviction, and this action of the court is assigned here as reversible error.

The indictment was drawn under section 1029, Code of 1906 (section 754, Hemingway's Code), which provides that, "if any man and woman shall unlawfully cohabit, whether in adultery or fornication, they shall

be fined,'' etc.   The latter part of this section also pro-
vides, ''but it may be proved by circumstances which
show habitual sexual intercourse.''

We think that the charge of cohabitation ''in adul-
tery'' was a matter of substance in the indictment, and
should have been proved by the state, since the grand
jury had charged that the unlawful cohabitation was a
cohabitation by the parties ''in adultery.''   Therefore
the court erred in permitting the amendment of the in-
dictment with reference to a substantial part of the
crime as charged by the grand jury.   Whether or not
it was necessary in the first instance to charge that
the unlawful cohabitation was either in adultery or
fornication, since it did not charge habitual sexual
intercourse between the parties as the statute prescribes
the state could do, we do not decide.   But, having
specifically charged the cohabitation ''in adultery,'' it
should have been so proved by the state.

The judgment of the lower court is reversed and the
case remanded.

*Reversed and remanded.*