STATE *v.* MEYER *et al.**

(Division B.    June 9, 1924.    Suggestion of Error Overruled Sept. 15, 1924.)

[101 So. 349.  No. 24299.]

INDICTMENT AND INFORMATION.    *Proof of acts within two years before indictment makes case in prosecution for unlawful cohabitation.*
In a prosecution for unlawful cohabitation under section 1029, Code of 1906 (section 754, Hemingway's Code), time is not of the essence. of the offense, and while the period in which the parties unlawfully cohabited should be alleged, still under section 1428, Code of 1906 (section 1148, Hemingway's Code), the time may be alleged on a given day and proof offered to show acts within two years before the finding of the indictment sufficient to make out the case.

*Headnote 1.  Indictments and Informations, 31 C. J., section 454.

APPEAL from circuit court of Adams county.
HON. R. L. CORBAN, Judge.

Fritz Meyer and another were indicted for an offense and from an order sustaining a demurrer to the indictment, the state appeals.  Reversed and remanded.

*Harry M. Bryan,* Assistant Attorney-General, and *C. H. Brandon,* for the state.

Appellees were indicted in the circuit court of Adams county on the charge of unlawful cohabitation.  They

demurred to the indictment and from the court's judgment sustaining the demurrer the state prosecutes this appeal. The indictment was drawn under section 1029 of the Code of 1906, Hemingway's Code, section 754.

Appellees set up several grounds of demurrer, the principal ones being: (1) That the indictment fails to charge and inform the defendants whether the unlawful cohabitation charged in said indictment was in adultery or fornication; (2) that the indictment fails to set out the period of time during which the unlawful cohabitation occurred; (3) (a) that the indictment fails to allege that the parties "then and there" committed the acts complained of, and (b) that the habitual sexual intercourse was "unlawful."

*Tynes* v. *State,* 93 Miss. 119, 46 So. 535, is decisive of the case. A very careful comparison of the indictment in the Tynes case with that of the case at bar shows that they are practically identical. In fact, with the exception of a few immaterial words they are exact duplicates. If anything, the indictment here is more complete.

The above case squarely puts at rest appellees' contention that the word "unlawfully" was absolutely necessary in the charge of habitual intercourse. To fully dispose of the group of appellees' grounds, mentioned above under (3) see *Will Turner* v. *State,* decided by Division A, May 19, 1924, in which appellant very strenuously urged reversal of a judgment of conviction for murder because of the "wilfully and feloniously" in the indictment. The court, in its opinion, said that such contention was "not discussible." Appellees in the court below relied upon *Kemp* v. *State,* 121 Miss. 580, 83 So. 744. It will be noted, however, that in the Kemp case the court was careful to say that the indictment "did not charge habitual sexual intercourse between the parties as the statute prescribed that state could do," and, therefore, whether or not it was necessary affirmatively to charge that the unlawful cohabitation was either in adultery or fornication was not decided by the court.

The Kemp case did not so much define the elements of an indictment for unlawful cohabitation as simply to hold that "having specifically charged" the cohabitation to be in adultery it was incumbent upon the state to so prove and it was too late for it to amend after the proof was in.

Group (2) of the defendants' grounds of demurrer advances the proposition that the indictment is fatal because it does not set out the period of time during which the unlawful cohabitation continues or occurs. But time is not of the essence of the offense. Since time is not of the essence of the offense, section 1428, Code of 1906 (Hemingway's Code, section 1184), controls. 2 C. J., page 22; *Spencer* v. *State* (Okla.), 169 Pac. 270; 1918F, L. R. A. 592; *Kitchens* v. *State* (Okla.), 140 Pac. 619; *Lyman* v. *People,* 198 Ill. 544, 64 N. E. 974.

A very able annotation on the subject of illicit cohabitation is found in L. R. A. 1916C, 653-670. On pages 669 and 670, under the heading "indictment" the very point involved herein is ably and fully discussed, and the conclusion of the author is well supported by the cases cited. See, too, 25 Cyc. 214, par. B-5.

*Engle & Laub, W. A. Geisenberger* and *Ernest E. Brown,* for appellees.

I. This court has lately reaffirmed the elements that are necessary to constitute this offense in *Lee* v. *City of Oxford,* 99 So. 509. The court referred to the cases of *Carrotti* v. *State,* 42 Miss. 337; *Spikes* v. *State,* 98 Miss. 483, 54 So. 1; and *Granberry* v. *State,* 61 Miss. 440. From these decisions it is clear that the offense of unlawful cohabitation is an offense of which time is of the essence. It is an offense that under the wording of our statute and the decisions of our courts cannot be committed in one day. Therefore, the indictment laying the commission of the offense as on one certain day, to-wit: March 24, 1924, charges what is a legal impossibility as well as charges a

condition that is impossible in fact. An indictment that charges a condition impossible in fact is not good. *Johnson* v. *United States,* 158 Fed. 69.

The offense under discussion must, under the doctrine of the Spikes case, consist of acts done on different days, and, therefore, the indictment must allege more days than one.

This court has always held that to constitute the offense, the habitual sexual intercourse must extend over or through a specified period of time, that is for some months, weeks or at least some days, each case depending upon its particular facts. *Granberry* v. *State,* 61 Miss. 440; *Spikes* v. *State,* 98 Miss. 483; *Lee* v. *City of Oxford,* 99 So. 509.

In *Carrotti* v. *State,* 42 Miss. 333, 340, the indictment alleged the unlawful cohabitation from March 1st to July 1, 1867. In *Kinard* v. *State,* 57 Miss. 133, it seems the indictment charged the unlawful cohabitation through a series of years or from 1868 until indicted in January, 1879. In *Stewart* v. *Brown,* 64 Miss. 626, it appears the indictment charged the unlawful cohabitation for a period of two years prior to the finding of the indictment.

II. The indictment fails to charge that the cohabitation was either in adultery or fornication. This omission of itself renders the indictment undoubtedly bad. The word "cohabitation" does not necessarily imply living together for sexual intercourse. The word is derived from the Latin and simply means "living together." What the statute purposes to forbid is evidently cohabitation between a man and woman, for sexual purposes because it distinctly forbids a man and woman to cohabit, "whether in adultery or fornication," and cohabitation for such purposes and in such a way must be alleged and proved; otherwise no offense under the statute has been charged.

Where a statute partly or wholly defines the offense, "it is ordinarily adequate, while nothing less will suffice,

to charge the defendant with all the acts within the statutory definition." I Bishop, Crim. Proc., sec. 611. In *Jones* v. *State,* 98 So. 342, Judge SYKES in reversing the case said in part: "This alleged affidavit states that 'Lewis did unlawfully and habitually prior thereto cohabit with Mrs. J. M. Hooks, a female person.' It does not allege that the unlawful cohabitation was either adultery or fornication." It will thus be seen this court without so deciding in so many words, at least implies it is necessary to state whether the unlawful cohabitation was in adultery or fornication. The forms laid down in Bishop on Statutory Crimes set forth whether the unlawful cohabitation was in adultery or fornication. Bishop on Statutory Crimes (3 Ed.), secs. 700, 704; see also Warren's Criminal Law (3 Ed.), pages 607, 617, 618.

This court, however, has expressly decided: "It is a general rule, that all indictments upon statutes must state all the circumstances which constitute the definition of the offense in the act, so as to bring the defendant precisely within it, they must pursue the precise and technical language employed in the statute in the definition or description of the offense." *Williams* v. *State,* 42 Miss. 328, 330; *Ike* v. *State,* 23 Miss. 525.

III. The indictment as drawn fails utterly to bring the defendants within the condemnation of section 754, Hemingway's Code, section 1029, Code of 1906. The demurrer also points out, in the sixth ground, that the indictment fails to properly make an allegation of time with reference to the habitual sexual intercourse in that the indictment fails to use the words "then and there" and that the indictment also fails to use the word "unlawful" with reference to the acts of habitual sexual intercourse.

ETHRIDGE, J., delivered the opinion of the court.

The appellees were indicted under section 1029, Code of 1906; section 754, Hemingway's Code. The indictment, omitting the formal parts, reads as follows:

"That Fritz Meyer, a man, and Ella Ford, a woman, late of the county of Adams, on the 24th day of March, 1924, in the county aforesaid, did willfully, lewdly and unlawfully cohabit together, and have habitual sexual intercourse with each other, they, the said Fritz Meyer and Ella Ford, not being then and there lawfully married to each other."

This indictment was demurred to and the demurrer sustained, and the state appeals.

It was contended by the appellee and the court decided that the indictment was insufficient because the offense from its nature could not be committed on a single day, and it is argued here by the appellees that the time during which the alleged offense was committed must be set forth, that the time is of the essence, and that therefore the judgment of the court below was right.

We do not think that time is of the essence of the offense in this case and that section 1428, Code of 1906; section 1184, Hemingway's Code, is applicable. This section reads as follows:

"An indictment for any offense shall not be insufficient for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day, or on a day that never happened, nor for the want of a proper or perfect venue."

In order for time to be of the essence of the offense, the crime must be committed during a particular time or on a particular day in order for it to be a crime at all. Such, for instance, as the violation of the Sunday law, the essence of the offense being that it was committed on Sunday, that being a crime because the violation was of the Sunday law. Of course, where any crime is dependent upon its commission on a particular day or during a particular part of a day, then that is of the essence of the offense and must be proven as charged. Here, however,

the state could prove the offense to have been committed within two years prior to the finding of the indictment, and the proof could show such a continuation of acts as would make it a habitual act under the statute. The state could have averred a specific time as the beginning and ending of the period, and that might or might not have been for a period of two years or more. But it could prove under the charge here such acts as would make out the offense.

We therefore think the trial court was in error, and the judgment will be reversed and the cause remanded for further proceedings.

*Reversed and remanded.*

### ON SUGGESTION OF ERROR.

In the opinion delivered on a former day we reversed the judgment of the circuit court sustaining the demurrer and entered an order remanding the cause for further proceedings. A suggestion of error was filed, in which it was contended that we erred because we did not sustain the demurrer on the third count therein set forth, which is as follows:

"Said indictment fails to charge and inform the defendant whether the unlawful cohabitation charged in said indictment was in adultery or fornication, and fails entirely to state which."

The language of the indictment is: "Did willfully, lewdly, and unlawfully cohabit together, and have habitual sexual intercourse with each other; they, the said Fritz Meyer and Ella Ford, not being then and there lawfully married to each other."

The contention is made that the cases of *Kemp* v. *State,* 121 Miss. 580, 83 So. 744, and *Jones* v. *State* (Miss.), 98 So. 342, carry the implication that it is necessary for the indictment to allege whether the unlawful cohabitation was in adultery or whether it was in fornication. In the Kemp case the court expressly reserved the decision on this point, stating:

"Whether or not it was necessary in the first instance to charge that the unlawful cohabitation was either in adultery or fornication, since it did not charge habitual sexual intercourse between the parties as the statute prescribes the state could do, we do not decide."

In that case the indictment expressly charged that the unlawful cohabitation was in adultery. Under well-known rules, where the state has charged in this way, the description becomes a part of the offense, and must be proven as alleged. In the case of *Jones* v. *State, supra,* the indictment did not allege that the parties had habitual sexual intercourse each with the other, neither did it allege that the cohabition was either in adultery or in fornication, and neither of these cases decide the point, either expressly or by necessary implication. In *Newman* v. *State,* 69 Miss. 393, 10 So. 580, it was expressly held that the gist of the offense is that the unlawful cohabitation consists of habitual acts of sexual intercourse. In the case before us the indictment expressly charges that the parties did have habitual sexual intercourse with each other, this being the gist of the offense. It was not necessary to allege whether the intercourse was in adultery or in fornication, because under the statute either would be as effectual as the other, and, as the indictment does not specifically charge one or the other, it was not necessary for the same to be charged, as under the statute either is sufficient, where the acts become habitual.

The suggestion of error, therefore, will be overruled.

*Overruled.*