### DEAN *et al.* v. STATE.*

(Division A.    June 1, 1925.)

[104 So. 295.    No. 24728.]

LEWDNESS. *State must show parties were not married to each other, as alleged in indictment.*

> On prosecution for unlawful cohabitation, the state must prove, as alleged in the indictment, that the parties who had lived together

in the same house for ten years, during which the woman gave birth to several children, were not married to each other.

---

*Headnote 1. Fornication, 26 C. J., section 9; Lewdness, 36 C. J., section 20.

Appeal from circuit court of Adams county.

Hon. R. L. Corban, Judge.

W. S. Dean and another were convicted of unlawful cohabitation, and appeal. Reversed and remanded.

*Engle & Laub,* for appellants.

The only testimony against the defendants was the fact that they had lived in the same house together. The state called only five witnesses and their testimony was short. Their testimony in no wise proves the offense charged and is so utterly weak and falls so far short of reaching that dignity of proof required that this court should reverse this case and discharge these appellants.

It is an understood rule of law that the defendants must be proved guilty beyond each and every reasonable doubt arising out of the evidence. Such a doubt would be left upon the mind of this court upon a reading of this record. We therefore most earnestly submit that this court should follow its former rulings as heretofore laid down in a number of opinions, among others, *Wiley* v. *State,* 101 So. 504, on the grounds that a defendant cannot be convicted on suspicion but to warrant a conviction upon circumstantial evidence every other reasonable hypothesis than that of guilt beyond all reasonable doubt must be excluded.

The indictment in this case set forth "that W. S. Dean, a man, and Ralphine Burns, a woman, . . . they not then being then and there lawfully married to each other." The indictment alleged that the said parties were not married to each other. We challenge the record to show that this fact was ever proven or attempted to be proven by the state. We further submit that had the indictment not made this allegation that it was the duty of the district attorney in the trial of this case to have

proven that the said parties were not married to each other and this whether the allegation had been made in the indictment or not. The marriage or the non-marriage of the parties goes to the very gist of the offense. It is a cardinal rule that the defendant in the trial of a criminal case need do nothing; that first the state must make out its case to a moral certainty, then, and not until then, is the accused required by the laws of the state to do anything and then he need only from the whole body of the evidence adduced for him and against him raise a reasonable doubt of his guilt to entitle him to an acquittal. *King* v. *State,* 21 So. (Miss.) 235.

Nor can the attorney-general argue in this case that the woman was a negress and therefore under the statute of this state the parties could not intermarry (Sec. 2551, Hemingway's Code, sec. 3244, Code 1906), which section prohibits the marriage of a white person and a negro or mulatto or person who shall have one-eight or more of negro blood, etc. This fact was nowhere proven by the district attorney or attempted to be proven. It is a fact that cannot be proven by mere profert for the reason that the shades of color vary so among different members of the white race that one cannot distinguish the race under certain circumstances and with certain individuals. As a matter of fact, the state witness Susanna House, in testifying as to the color of the children in the record told the district attorney that she could not tell that the children showed any negro blood and that they were whiter than the district attorney himself. The non-marriage of the parties is an essential fact to be proven in this particular offense as charged. A reading of paragraphs 2082 to 2087 of Wigmore on Evidence, Vol. 3, leads to this conclusion, particularly the pages cited in notes 5, 6, 7 and 8 on page 2808 of said Volume 3. For this reason alone this case must be reversed, the court having seriously erred in not granting the peremptory instructions asked.

*Harry M. Bryan,* Assistant Attorney-General, for the state.

We have very carefully examined this record and while we are convinced that there is an abundance of proof of cohabitation, we reluctantly believe that the record does not show that the charge of the indictment was fully sustained. Section 754 of Hemingway's Code which prohibits unlawful cohabitation "whether in adultery or fornication," was considered in *Kemp* v. *State,* 121 Miss. 580, 83 So. 744, and it was there held that because the state failed to prove that either party was married while the indictment charged the parties as not being lawfully married to each other, the conviction could not be upheld. In the Kemp case, the indictment charged cohabitation in adultery, which this court said was a matter of substance requiring proof. If this be true, and we do not doubt the correctness of the holding, then under the indictment in the case at bar which charged that appellants were not lawfully married to each other, proof of this element was required.

We have carefully scanned the record and the only proof that appellants were not married was that one was called Dean and the other Burns, but there is also in the record a statement by one of the state's witnesses that when he visited their house the woman came to the door and said "I am Mrs. Dean." It is only by inference that it could be concluded that one of the parties was white and the other a negro. This being true, we cannot adopt a miscegenation theory which would relieve the state from actually proving that they were not married, because under the law, such marriage, if they were, would be prohibited.

We respectfully submit the matter.

McGOWEN, J., delivered the opinion of the court.

Upon an indictment for unlawful cohabitation, appellants were convicted, and assign as error: (1) "The in-

dictment having charged that W. S. Dean, a man and Ralphine Burns, a colored woman, who goes by the name of and is known as 'Mrs. W. S. Dean,' did willfully, lewdly and unlawfully cohabitate together," etc., "and the said W. S. Dean and the woman known as 'Mrs. W. S. Dean' not being then and there lawfully married to each other," etc., it was incumbent upon the state to prove that they were not married to each other. (2) That all the testimony taken together did not establish the guilt of the appellants. And there were other assignments of error growing out of these two assignments, but we will only consider the first assignment, as we have reached the conclusion that this case must be reversed and remanded.

An examination of the record discloses that W. S. Dean and the woman had been living together since 1914, up to the time of the indictment; that from time to time children were born, that there were five or six children in the home; that the woman claimed to be Mrs. Dean; that they lived together in the same house; that no other man was living there in the house.

It will be noted that the indictment charges that the appellants were not married to each other. There is not a scintilla of evidence tending to prove that these defendants were not married to each other, but, on the contrary, the circumstances, declarations, and actions of these parties come dangerously close to establishing a common-law marriage. There was an effort to prove under this indictment that there was a violation of a statute prohibiting intermarriage of races, but the witnesses responded to the district attorney that the children in the home of appellants were as white as the district attorney, and there was a total failure to prove that the woman was of other than the white race.

We think it was necessary for the state to show that these parties were not married to each other. Certainly, people who are married have a right to live together and sustain to each other all the rights and benefits of the conjugal relation.

In *Kemp* v. *State,* 121 Miss. 580, 83 So. 744, where the indictment charged that the defendants did unlawfully cohabit together in adultery, we held that:

The words "in adultery" were a matter of substance in the indictment and "should have been proved by the state, since the grand jury had charged that the unlawful cohabitation was a cohabitation by the parties 'in adultery.' Therefore the court erred in permitting the amendment of the indictment with reference to a substantial part of the crime as charged by the grand jury. Whether or not it was necessary in the first instance to charge that the unlawful cohabitation was either in adultery or fornication, since it did not charge habitual sexual intercourse between the parties as the statute prescribes the state could do, we do not decide. But, having specifically charged the cohabitation 'in adultery,' it should have been so proved by the state."

But there is authority to the effect that, whether this is charged in the indictment or not, the presumption of innocence attaches to all defendants, and likewise to those charged with a crime of this nature, and the presumption of marriage arising from facts as detailed above would also give rise to a presumption in favor of good morals and good motives on behalf of the parties concerned. Looking upon men and women as members of society, the state will not presume that the state of man and mistress exists until that is shown.

In Enc. of Evidence, vol. 8, p. 441, section 2, it is said: "Thus the burden is upon the state to establish actual marriage in prosecutions for bigamy or polygamy, and adultery, and criminal conversation."

Also we find in Enc. of Evidence, vol. 5, p. 968, section 3: "*Presumptions as to Marriage of Parties.*—It is held in some jurisdictions that it must be proved affirmatively that both the parties to the act were single and unmarried; but in other jurisdictions it is sufficient to show that they were not married to each other at the date of the commission of the act, without showing that they were unmarried to third parties."

Quoting from the note on page 969: "When it is proved that the parties living together are not married to each other, this makes out a *prima-facie* case of fornication. It will not be necessary to prove that neither of them was married to anybody else, since that would be requiring the prosecution to prove a negative. The presumption, in the absence of proof of marriage, is that the parties were unmarried, and when it is proved that they were not married to each other this presumption attaches and the crime of fornication is made out."

Also Corpus Juris, p. 990, section 9, states the rule thus: "Since fornication cannot be committed by persons sustaining to each other the relation of husband and wife, it must appear from the indictment that such a relation did not exist."

In the instant case the state relied upon circumstances —living together in the same house since 1914, during which time the woman gave birth to several children, at least three—and, having alleged in the indictment that they were not married to each other, we are of the opinion that the burden was upon the state to prove said affirmation.

*Reversed and remanded.*