PATTERSON *et al. v.* STATE.

(In Banc.   April 14, 1941.)

[1 So. (2d) 499.   No. 34421.]

Hilton & Kendall, of Jackson, for appellants.

644

**George H. Ethridge**, Assistant Attorney-General, for appellee.

**McGehee, J.,** delivered the opinion of the court.

A reversal is sought in this case upon three grounds, (1) that the indictment against the appellants purporting to charge them with the crime of unlawful cohabitation, instead of alleging that the unlawful cohabitation was habitual, charged that on the —— day of ——, 1939, "and then continuously until the day of the filing and returning of this indictment, John Patterson, a man, and Etta Anderson, a woman, they not being then and there lawfully married each to the other, did lewdly and unlawfully cohabit together in adultery;" and that theretofore the indictment charged no offense under the law; (2) that the indictment having charged that the appellants unlawfully cohabited in adultery, it was necessary that the state should prove that one of them was then married to some other person; and it is urged that the proof fails to establish such fact; and (3) that the Court erred in refusing to grant the peremptory instruction requested on behalf of the appellants, and in granting the several instructions on behalf of the state which failed to require the jury to believe from the evidence beyond a reasonable doubt that either of the appellants was married to another person at the time of the alleged unlawful cohabitation as a condition precedent to the jury's right to convict them.

The indictment, except as to the names of the accused and the dates stated therein, is in the exact language as that contained in the indictment under review by the Court in the case of Kemp and Morrison v. State, 121

Miss. 580, 83 So. 744, and which the Court inferentially approved as sufficient in both form and substance. In any event, we are of the opinion that it was sufficient to apprise the appellants of the nature and character of the accusation against them and that if the same was deficient in any particular, the defect would have been amendable if the point had been made in the trial court, which was not done. Moreover, Section 772, Code of 1930, under which the indictment in the present case is drawn, is in the same language as Section 1029, Code of 1906, which was under consideration in Kemp et al. v. State, supra, and the first part of that statute, which sets forth that which constitutes the crime, merely provides that: "If any man and woman shall unlawfully cohabit, whether in adultery or fornication they shall be fined in any sum not more than five hundred dollars each, and imprisoned in the county jail not more than six months," does not use the word "habitual" in defining the offense. The latter part of the section deals only with the nature and sufficiency of the proof required.

It was held, however, in the case of Kemp et al. v. State, supra, that when the indictment charges that the cohabitation was "in adultery," these words are a matter of substance in the indictment, and should be proved by the state; that whether or not it was necessary in the first instance to charge that the unlawful cohabitation was "in adultery," as distinguished from "fornication," the Court stated that it did not there decide. But the state having specifically charged that the cohabitation was "in adultery," the Court said that it should have been so proved.

In the case at bar the proof sufficiently disclosed that one H. A. Anderson and the appellant, Etta Anderson, were married in 1916, but it is not shown whether a divorce may have been obtained by him between that time and the beginning of the period from December, 1938, to September, 1939, when the unlawful cohabitation is alleged to have taken place between the appellants, nor is

it shown where Anderson may have lived during the period from 1916 to 1938. It was merely shown that again in September, 1940, when the appellant, Etta Anderson, was arrested and taken into custody, she was found at night at the home of the said H. A. Anderson, but not in the same room, and that she admitted that she had been married to him. She testified at the trial that she had been married, but when asked whether she had a divorce, she replied, ''Well, I might have one.'' While the proof as to whether she had a husband at the time complained of in the indictment is not altogether satisfactory, we will not reverse the case on that ground, since we are unable to say that it was not sufficient as against the request for a peremptory instruction for the appellants.

However, the instructions granted on behalf of the state wholly fail to require the jury to believe beyond a reasonable doubt, from circumstances or otherwise, that either of the appellants were married to some other person at the time complained of, before the jury could return a verdict of guilty. No attempt was made to show whether the appellant, John Patterson, was ever married to anyone else, and all the proof disclosed that the relations between the appellants were such as to constitute a valid common law marriage between them, except for the fact that the appellant, Etta Anderson, took the witness stand in her own behalf, without the advice of counsel, and in the absence of the other defendant, and denied the alleged relationship in toto.

Under the circumstances, it is necessary that the cause be reversed and remanded for a new trial.

Reversed and remanded.