The appellant was indicted by the Grand Jury of the First Judicial District of Hinds County, Mississippi, on a charge of a sale of marijuana. Before the trial began, the district attorney made a motion requesting the court to permit the State of Mississippi to amend the indictment so as to strike the word "sell" and to substitute the words "deliver and possess". The defendant, C.B. Jones, objected to this amendment upon the ground that the amendment substituted one charge for a new charge not contemplated by the grand jury, so that the court had no authority to change the charge by amendment. The trial court overruled the objection and signed a written order dated June 5, 1972. This order was not put upon the minutes of the court until July 5, 1972, at a time when the court term had lapsed. The indictment was never actually manually amended as required by Section 2533, Mississippi Code 1942 Annotated (1956).
The jury returned its verdict of "We the jury find the defendant guilty as charged". The trial court sentenced the defendant to serve a term of four (4) years in the state penitentiary for the sale of marijuana.
The appellant has appealed and now contends that the trial court erred in not granting a directed verdict in favor of the appellant, because there was a fatal variance between the indictment and the proof introduced by the state. It is argued that the indictment charged sale and the proof showed a delivery of marijuana.
It is also said that the court unduly restricted the cross-examination of an officer, O.T. McAlpin, so as to prevent the defendant from explaining or showing the reason for the absence of a material witness.
Finally, it is argued that the failure of the court to grant a continuance was a fatal error entitling defendant to a new trial.
At the outset, we agree with the argument of the appellant that an amendment to an indictment entered after the trial in vacation is a nullity. Hitt v. State, 217 Miss. 61, 63 So.2d 665 (1953); Unger v. State, 42 Miss. 642 (1869).
We also agree that the trial court cannot amend an indictment so as to change the charge made in the indictment to another crime, except by the action of the grand jury who returned the indictment. Vickers v. State, 215 So.2d 432 (Miss. 1968); Woods v. State, 186 Miss. 463, 191 So. 283 (1939); Kemp v. State,121 Miss. 580, 83 So. 744 (1920); Blumenberg v. State, 55 Miss. 528
(1878); Miller v. State, 53 Miss. 403 (1876); McGuire v. State,35 Miss. 366 (1857).
An amendment to an indictment is circumscribed by Sections 2448, 2449, 2451, 2452, and particularly Section 2533, Mississippi Code 1942 Annotated (1956). An amendment to an indictment may not be made unless the court shall consider such variance "not material to the merits of the case, and if the defendant cannot be prejudiced thereby in his defense on the merits." Gillespie v. State, 221 Miss. 116, 118, 72 So.2d 245, 246 (1954).
On the other hand, even at common law, one could be convicted of a lesser offense if the conviction were for a crime which in its nature constituted parts of the major offense charged, or is "necessarily included" in that with which the prisoner is charged. 42 C.J.S. Indictments and Information §§ 271 to 295 inclusive, at 1297-1326 (1944).
In this state, the legislature has enacted a statute on constituent offenses. Section 2523, Mississippi Code 1942 Annotated (1956) is in the following language:
 "On an indictment for any offense the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense, or may find him guilty of an inferior offense, or other offense, the commission of which is necessarily included in the *Page 652 
offense with which he is charged in the indictment, whether the same be a felony or misdemeanor, without any additional count in the indictment for that purpose." § 2523, Miss.Code 1942 Ann. (1956).
In the recent case of Laughter v. State, 241 So.2d 641 (Miss. 1970), this Court held that the possession of marijuana was a lesser included or constituent offense of the sale of marijuana.See also Wolf v. State, 281 So.2d 445 (Miss. 1973). Compare
Nixon v. State, 148 Miss. 224, 114 So. 346 (1927).
The motion for a new trial should have been sustained; because, although the charge of possession and delivery of marijuana is a constituent part of the charge of the sale of marijuana, the indictment actually charged the crime of sale of marijuana. There was no testimony in the record showing a sale of marijuana. The jury was instructed as follows:
 "The Court instructs the jury for the State of Mississippi that if you believe from all of the evidence, beyond a reasonable doubt and to a moral certainty, that the Defendant, C.B. Jones, did in fact, on or about the 2nd day of December, 1971, wilfully, unlawfully and feloniously deliver a controlled substance, namely marijuana, to Officer O.T. McCalpin, even though no money was passed, then you must find the Defendant guilty as charged."
The verdict of the jury as above mentioned was "guilty as charged". The jury did not specify the charge of which he was guilty. The trial judge sentenced the defendant for the charge of "sale of marijuana". This was a fatal error. There is no way to determine whether or not the jury intended to find the defendant guilty of the sale of marijuana or the possession and delivery of marijuana. It is certain, however, that the defendant was not shown to be guilty of the sale of marijuana.
The judgment and sentence of the trial court must be reversed and the appellant awarded a new trial.
Reversed and remanded.
INZER, ROBERTSON, WALKER and BROOM, JJ., concur.