365 So.2d 644 (1978)
Donald VAN NORMAN
v.
STATE of Mississippi.
No. 50455.
Supreme Court of Mississippi.
December 20, 1978.
John R. Poole, Jackson, for appellant.
A.F. Summer, Atty. Gen. by Henry T. Wingate, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, P.J., LEE and BOWLING, JJ., and BIGGERS, Commissioner.
*645 NEAL B. BIGGERS, Commissioner for the Court:[1]
Donald Van Norman was indicted in the Circuit Court of Pike County for the crime of adultery. Upon trial, he was found guilty and sentenced to five years in the State penitentiary. The indictment charged the appellant with committing an act of adultery with his daughter "on or about the 15th day of January, 1976." The indictment was drawn under Mississippi Code Annotated, Section 97-29-5 (1972), which provides as follows:
Persons being within the degrees within which marriages are prohibited by law ... who shall ... be guilty of a single act of adultery or fornication, upon conviction, shall be punished by imprisonment in the penitentiary for a term not exceeding ten (10) years.
After the voir dire, but prior to the taking of testimony, the defendant moved the court to require the State to specify an exact date on which the alleged offense occurred. The motion was overruled, the court pointing out that "on or about January 15th, 1976", as stated in the indictment, was sufficient.
The State's sole witness was the prosecutrix, the natural daughter of the appellant, who testified to a lurid pattern of sexual contacts between her and the appellant beginning in approximately October of 1974 and continuing through July of 1976. She testified that she and the appellant had sexual relations many times in January, 1976, and January 15th, the date alleged in the indictment, was merely an estimate. After the State rested, the appellant testified, denying any sexual contact with his daughter and introduced certain time logs he was required to keep by the Interstate Commerce Commission in his work as a truck driver. The logs allegedly showed his whereabouts on most of the dates charged in the indictment and other witnesses testified as to the appellant's whereabouts at other times on January 15th, 1976, to further his alibi defense. The appellant also brought out in his testimony that on the date complained of, he was not married, having been divorced from the prosecutrix's mother in October, 1975, and having remained single until marrying his present wife in July of 1976. The testimony had also shown that the prosecutrix had never been married.
The trial judge, after hearing the testimony of the prosecutrix concerning many alleged acts of intercourse with the appellant, the testimony having been offered without objection, and after having considered further the motion of the appellant made earlier to require the State to elect a specific date to rely on in presenting its proof, correctly decided to sustain the motion of the appellant. The State then filed a written motion to amend the indictment to change the date of the alleged offense from "on or about January 15th, 1976", to "on or about June 25th, 1976." Defense counsel objected to the amendment and moved further that any amendment of the date be required to include an act on a date already testified to in the State's case-in-chief. The amendment as offered was allowed and the appellant requested and was given one hour to prepare a defense concerning the new date. After the recess, the prosecutrix was recalled and testified that she also had sexual intercourse with the appellant on June 25, 1976, after which the State rested again.
The appellant returned to the witness stand and introduced additional logs to support his testimony that he also was out of town on a trip on June 25th, 1976, until around 7:30 P.M., and was with his then fiancee (his present wife) until approximately midnight.
At the conclusion of the testimony the appellant moved for a directed verdict of not guilty on the grounds that the State had failed to prove that either the prosecutrix or the appellant were married at the time of the alleged act and therefore "adultery" *646 as alleged in the indictment had not been proved. The motion was overruled.
The first error assigned is that the trial court should have granted a directed verdict since the appellant was charged with adultery and the proof showed neither the appellant nor the prosecutrix were married at the time. The second assigned error is the allowing of the State to amend the indictment, after it had rested and after the defendant had introduced evidence of his whereabouts on the date stated in the indictment, so as to change the date from January 15th, 1976 to June 25th, 1976.
In regard to the first assigned error, the question to be answered is whether the State, when it charges an accused with adultery under Mississippi Code Annotated, Section 97-29-5, (1972), must prove that at least one of the parties to the alleged act was married at the time. After considering the applicable law, it is clear that the answer to that question must be in the affirmative. Under the statute, the State had the option of charging the defendant with adultery or fornication. It chose the former.
2 C.J.S. Adultery § 6, page 610 (1972) provides:
Valid marriage to another of at least one of the parties at the time of the commission of the offense is an essential element of the crime in all jurisdictions ...
A long line of cases in this jurisdiction has consistently held that in unlawful cohabitation cases, even though it perhaps is not necessary to distinguish whether the unlawful cohabitation be in adultery or fornication, if the pleader does so distinguish, then it is incumbent upon him to so prove what he has charged.
In Kemp v. State, 121 Miss. 580, 83 So. 744 (1920), this Court said:
On the trial of the case the state failed to prove that either party was married; that is, that the parties had cohabited "in adultery" as charged. When counsel for appellant moved the court for a peremptory instruction and discharge of the appellant for the reason that the state had failed to prove the adultery as alleged in the indictment, the court permitted the district attorney, on motion, to amend the indictment by striking out the words "in adultery." Thereupon the case went to the jury, resulting in a conviction, and this action of the court is assigned here as reversible error.
The indictment was drawn under section 1029, Code of 1906 (section 754, Hemingway's Code), which provides that, "if any man and woman shall unlawfully cohabit, whether in adultery or fornication, they shall be fined," etc. The latter part of this section also provides, "but it may be proved by circumstances which show habitual sexual intercourse."
We think that the charge of cohabitation "in adultery" was a matter of substance in the indictment, and should have been proved by the state, since the grand jury had charged that the unlawful cohabitation was a cohabitation by the parties "in adultery." Therefore the court erred in permitting the amendment of the indictment with reference to a substantial part of the crime as charged by the grand jury. Whether or not it was necessary in the first instance to charge that the unlawful cohabitation was either in adultery or fornication, since it did not charge habitual sexual intercourse between the parties as the statute prescribed the state could do, we do not decide. But, having specifically charged the cohabitation, "in adultery", it should have been so proved by the state.
The judgment of the lower court is reversed and the case remanded.
The ruling in Kemp has been reaffirmed by this Court in other cases. In Patterson v. State, 190 Miss. 643, 1 So.2d 499 (1941), the indictment charged a man and woman, "they not being then and there lawfully married each to the other, did lewdly and unlawfully cohabit together in adultery."
The Court reversed a conviction, saying: However, the instructions granted on behalf of the state wholly fail to require the jury to believe beyond a reasonable doubt, from circumstances or otherwise, that either of the appellants were married *647 to some other person at the time complained of, before the jury could return a verdict of guilty....
This omission was held to be fatal error.
In State v. Meyer et al., 135 Miss. 878, 101 So. 349 (1924), this Court held that it was not necessary in an unlawful cohabitation indictment to charge, in the first instance, that it was either "in adultery" or "in fornication." However, it reaffirmed the rule of Kemp v. State, in the following language:
In that case the indictment expressly charged that the unlawful cohabitation was in adultery. Under well-known rules, where the state has charged in this way, the description becomes a part of the offense, and must be proved as alleged... .
The State contends that the term "adultery" in the indictment is mere surplusage and need not be proved. However, a reading of the indictment shows that if the term "adultery" were deleted, there would be no offense charged.
Since the case must be reversed for failure to prove the crime as charged in the indictment, the second assignment of error will be dealt with very briefly. It is the opinion of the Court that the State should not have been allowed to amend the indictment after it had rested its case, and after the defendant had presented evidence of his whereabouts on the date charged. Amendments are allowed to correct a variance between the proof and the indictment where the amendment is to an immaterial matter and the defendant cannot be prejudiced thereby in his defense. See Jones v. State, 279 So.2d 650 (Miss. 1973). This amendment met none of these tests. It was not for the purpose of curing a variance between the proof and the indictment, as the prosecutrix did testify that she had sexual contact with the appellant on the original date charged. Since the offense charged is not a continuing offense, but each separate act constitutes a separate offense, this amendment in effect charged a new and distinct offense from that for which the grand jury indicted. In 41 Am.Jur.2d, Indictments and Information, Section 194 (1968), it is stated:
Correcting an erroneous or insufficient allegation as to the time of the commission of the offense has usually been allowed under one form or another of permissive statute, where time was not of the essence of the crime... . An amendment of the allegation as to the time of the commission of the offense is unauthorized if its effect would be to charge a different crime, or to add another offense not charged by the grand jury.
REVERSED AND APPELLANT DISCHARGED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE and BOWLING, JJ., concur.
SUGG and COFER, JJ., dissent.
SUGG, Justice, dissenting:
I dissent, and the reasons for my dissent are stated in the discussion of the two assignments of error.

ASSIGNMENT OF ERROR NO. 1

THE COURT ERRED IN NOT GRANTING A DIRECTED VERDICT.
Defendant contends under this assignment of error that he was entitled to a peremptory instruction because the state failed to prove that he was married when he had sexual intercourse with his daughter.
The principal issue presented by this assignment of error is whether the state was required to prove the marital status of defendant. Defendant was indicted under section 97-29-5 Mississippi Code Annotated (1972) which follows:
Persons being within the degrees within which marriages are prohibited by law to be incestuous and void, or persons who are prohibited from marrying by reason of blood and between whom marriage is declared to be unlawful and void, who shall cohabit, or live together as husband and wife, or be guilty of a single act of adultery or fornication, upon conviction, *648 shall be punished by imprisonment in the penitentiary for a term not exceeding ten (10) years.
The indictment charged:
[T]hat Donald Van Norman, late of the county, aforesaid, on or about the 15th day of January, 1976, in the county aforesaid and within the jurisdiction of this Court, did wilfully, unlawfully and feloniously commit an act of adultery with one Rhonda Van Norman when he, the said Donald Van Norman, was then and there a male person, contrary to and in violation of Section 97-29-5 of the Mississippi Code of 1972, ...
The office of an indictment is to apprise a defendant of the charge against him so that he may prepare a defense and so that the charge may form the basis of a plea of former jeopardy in any subsequent proceeding. Westmoreland v. State, 246 So.2d 487 (Miss. 1971) [cert. denied 404 U.S. 1038, 92 S.Ct. 702, 30 L.Ed.2d 729, rehearing denied 405 U.S. 948, 92 S.Ct. 931, 30 L.Ed.2d 818 (1971)]. The indictment charges with particularity that the defendant had sexual intercourse with his natural daughter. Defendant argues that he was entitled to the peremptory instruction because the evidence showed that he was not married when he had sexual relations with his daughter; therefore, adultery was not proved.
Obviously marital status is not an element of the offense defined by section 97-29-5. The clear intent of the statute is to outlaw incestuous sexual intercourse. The marital status of the defendant is not an element of the crime because a father, whether married or unmarried, is guilty of the crime of incest under the statute when he has sexual relations with his natural daughter. All that is required to charge the crime is: (1) that defendant was the natural father of Rhonda Van Norman, and (2) that defendant had sexual intercourse with his natural daughter.
Section 97-29-5 provides that a crime may be charged in any one of three ways: the indictment may allege (1) cohabitation, (2) that defendant and his daughter lived together as husband and wife, or (3) that the defendant is guilty of a single act of adultery or fornication.
Defendant was not misled by the allegations in the indictment that he committed adultery with his daughter because the gravamen of the offense is incestuous intercourse with his daughter. To reverse this case solely because the indictment charged the defendant committed adultery rather than fornication with his daughter favors form over substance.
Defendant relies on the following cases in support of his position. State v. Lindsey, 202 Miss. 896, 32 So.2d 876 (1947); Patterson v. State, 190 Miss. 643, 1 So.2d 499 (1941); State v. Meyer, 135 Miss. 878, 101 So. 349 (1924); Kemp v. State, 121 Miss. 580, 83 So. 744 (1920). All of these cases deal with an indictment under section 97-21-1 Mississippi Code Annotated (1972) and deal with the crime of unlawful cohabitation as opposed to incestuous intercourse.
In Spikes v. State, 98 Miss. 483, 54 So. 1 (1910), it was held that habitual sexual intercourse is the gist of the offense under section 97-29-1. We also held in Cutrer v. State, 154 Miss. 80, 121 So. 106 (1929), that evidence of actions of sexual intercourse, without showing cohabitation, was insufficient to sustain a conviction for unlawful cohabitation.
There is a difference between section 97-29-1 which requires that cohabitation must be shown and section 97-29-5 which makes a single act of sexual intercourse between a defendant and his natural daughter a crime.
Admittedly Kemp v. State, supra, held that the charge of cohabitation "in adultery" was a matter of substance in the indictment and should have been proved by the state because the grand jury had charged that the unlawful cohabitation was a cohabitation by the parties in adultery. Kemp has been followed in other cases; however, it is distinguishable because the statute under which this indictment was drawn, does not make marital status of the parties the gravamen of the offense. Incest is committed when a single act of sexual *649 intercourse is performed by a defendant with his natural daughter, because the statute states: "or be guilty of a single act of adultery or fornication."
The words adultery and fornication as used in the statute should be considered as synonymous because the real offense is the act of sexual intercourse.

ASSIGNMENT OF ERROR NO. 2

THE COURT ERRED IN REFUSING DEFENDANT'S INSTRUCTION NO. 9, REQUIRING THE STATE TO PROVE ADULTERY.
Under this assignment of error defendant argues that the trial court erred by permitting an amendment to the indictment. The indictment charged that defendant committed adultery with his daughter on or about January 15, 1976. The court permitted the indictment to be amended to charge the commission of the crime on the date of June 25, 1976. The court stated the following:
Very well, all the parties are in the courtroom. By the Court: While the jury was being selected, after the jury had been voir dired, the defendant made a motion to require the State to specify the date upon which the offense charged allegedly occurred. The Court overruled the motion, thinking at that time that there would be evidence of only one specific offense that occurred `on or about the 15th day of January, 1976.' Later, testimony was offered in line with Brooks versus State, and no objection was made to the testimony, indicating the commission of the same offense on numerous occasions. Now, the Court, in keeping with Skinner versus State, 198 Mississippi 505; 23 Southern 2nd 501; calls upon the District Attorney to specify the one count charging a single incestuous offense for which the defendant is being tried, with reasonable certainty, so that the jury may be properly instructed to consider the guilt or innocence of the defendant as to that specific offense. Very well.
Whereupon, the following transpired:
BY MR. KITCHENS:
Your Honor, the State specifies June 25, 1976, and asks leave to recall Rhonda Van Norman.
BY MR. SMITH:
Your Honor, we object and ask that he select one of the dates that he has put on proof about.
BY THE COURT:
Well, I think that the proof thus far has been as to several occasions without specifying definite dates, and that's the purpose of the proceedings at this juncture, to narrow the issue down to one specific, single offense. So, does the State wish to amend the indictment accordingly?
BY MR. KITCHENS:
Yes sir.
BY THE COURT:
To charge the date of 
BY MR. KITCHENS: (Interposing)
June 25, 1976.
BY THE COURT:
June 25, 1976.
BY MR. SMITH:
We would ask for a one hour continuance, your Honor. To prepare to defend for this specific date.
BY MR. KITCHENS:
There is no objection.
BY THE COURT:
Very well.
BY MR. SMITH:
Your Honor, we would object to his recalling Rhonda Van Norman because he has rested.
BY MR. KITCHENS:
That's discretionary with the Court, I think.
BY THE COURT:
Well, I think that, uh, he could recall her as a rebuttal witness, anyway.
BY MR. SMITH:
Yes sir, but that would be for the purpose of rebuttal, and not putting on a prima facie case as to an act alleged to have occurred on June 25th, 1976. This puts the defense to a great prejudicial disadvantage of the State reaching out and grabbing a date and then the defense *650 running and trying to find, and then grabbing another date, and then the defense having to run 
BY THE COURT: (Interposing)
No, uh, this, this is the offense, date of the offense that is alleged, uh, now in the indictment, June 25, 1976. I understand you want an hour. Very well.
(RECESS TAKEN OF APPROXIMATELY ONE HOUR, THEN COURT RECONVENED AT 4:55 P.M., AT THE SAME PLACE, DEFENDANT PRESENT, AND PROCEEDINGS OCCURRED FOR THE RECORD, TO-WIT:)
BY MR. SMITH:
We're ready.
During the case in chief Rhonda Van Norman testified that defendant molested her many times over a two year period, every time her mother left the house and almost every night after her mother and father were divorced. The initial testimony of Rhonda Van Norman covered the date of June 25, 1976 without specifically mentioning it and the amendment simply conformed to the proof.
I would affirm.
COFER, J., joins in this dissent.
NOTES
[1] pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.