569 So.2d 1197 (1990)
James E. QUICK
v.
STATE of Mississippi.
No. 07-KA-59182.
Supreme Court of Mississippi.
October 24, 1990.
*1198 Michael W. Crosby, George F. Bloss, III, P.A., Gulfport, for appellant.
Mike C. Moore, Atty. Gen., Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and ANDERSON and BLASS, JJ.
BLASS, Justice, for the Court:
In this case, the appellant, James E. Quick, was indicted in Pearl River County, Mississippi, in August of 1987, for aggravated assault, specifically charging the violation of Miss. Code Ann. § 97-3-7(2)(b) in that he
did willfully, unlawfully, feloniously, purposely and knowingly commit an aggravated assault upon one Gene Baker, a human being, with a deadly weapon, to-wit: a handgun, and did then and there wilfully, unlawfully, feloniously and knowingly cause bodily injury to the said Gene Baker, with the deadly weapon aforesaid, by then and there shooting and injuring the said Gene Baker with the said handgun, contrary to and in violation of § 97-3-7(2)(b) of Mississippi Code of 1972, as amended.
On the morning of the trial, the state moved to amend the indictment to charge, after the word "knowingly" the following:
intentionally or recklessly under circumstances manifesting extreme indifference to the value of human life contrary to § 97-3-7(2)(a) and (b) of Mississippi Code of 1972, as amended.
The record discloses no order allowing the amendment, but the jury instructions *1199 were changed by interlineation to reflect the language of the requested instruction. Having been convicted of aggravated assault, the defendant has appealed to this Court complaining, among other things, that he was convicted for an offense for which he had not been indicted. He phrases his complaint slightly differently, but that is its effect. We agree and reverse for that reason.
He complains, also, that his right to remain silent, after the Miranda warnings were given, was violated in that the prosecutor was allowed to ask him, during the trial, whether he made certain complaints or explanations to the officer who had arrested and brought him to the courthouse. The record does not disclose what was said at the bench conference at which this matter was discussed following the objection made by defense counsel, and we will not address the matter further than to say that an accused person who has been given the Miranda warnings is not obliged to answer any questions or to make any explanation. The accused need not invoke the presence of counsel in order to obtain the benefits of these rights. It is improper and, ordinarily, reversible error to comment on the accused's post-Miranda silence. The accused's right to be silent then is equally as strong as the right not to testify and it is error to comment on either. Certainly it is improper to inquire of the defendant as to whether he made any protest or explanation to the arresting officers. See e.g., Austin v. State, 384 So.2d 600, 601 (Miss. 1980) (citing Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976)).
The appellant's third point is that the verdict was against the overwhelming weight of the evidence. We will not go into that point in any detail except to say that it is certainly and clearly true that the evidence of any guilt on the part of the defendant was not overwhelming.
The facts in this case disclose a tragic, involved, and dramatic situation in the lives of the unfortunate families here involved. Inasmuch as the case must be reversed on purely legal grounds and inasmuch as the legal issues can be clearly understood without a recitation of the facts, we shall not record them here, but will proceed immediately to the decisive issues of the case.
Art. 3, sec. 27 of the Mississippi Constitution requires an indictment before the prosecution for felonies, except in cases arising in the land or Naval forces, or the military when in actual service. State v. Sansome, 133 Miss. 428, 97 So. 753 (1923). This provision has been in each of the constitutions which the people of the State of Mississippi have established. It is very clear that, from the beginning, the people of Mississippi have ordained that they not be prosecuted for felonies except upon the indictment by a grand jury. It has been the law since 1858 that the court has no power to amend an indictment as to the matter of substance without the concurrence of the grand jury by whom it was found, although amendments as to mere informalities may be made by the court. McGuire v. State, 35 Miss. 366 (1858). See also Miller v. State, 53 Miss. 403 (1876); Peebles v. State, 55 Miss. 434 (1877); Blumenberg v. State, 55 Miss. 528 (1878). It is refreshing to be able to cite authorities from the last century, and, indeed, from the annotations under the constitutional section and to experience the rare and unusual assurance that, in some ways, the law changes slowly or not at all. Later cases cited by the appellant include Van Norman v. State, 365 So.2d 644 (Miss. 1978) and Kemp v. State, 121 Miss. 580, 83 So. 744 (1920). These cases clearly support the rule above quoted that the state can prosecute only on the indictment returned by the grand jury and that the court has no authority to modify or amend the indictment in any material respect.
We hold here that when the grand jury returned this indictment under subsection (b), requiring purposeful and wilfull and knowing actions, that stated the charge upon which this defendant could be tried. When the proposed amendment was offered to allow the jury to convict under section (a) of the statute to include recklessly *1200 causing serious bodily injury under circumstances manifesting extreme indifference to the value of human life, this proposed a change of substance and not of form. There can be no doubt that the jury acted under the language contained in the proposed amendment because it inquired of the court, after it had retired, as to the meaning of that language. Further, the trial court had some difficulty with the matter, and commented as follows:
This court does have some problem with this issue in that the indictment not only charged the offense of aggravated assault but it charged the particular method and factual situation behind such charge. The factual situation did not have any reference to reckless indifference and the indictment even spelled out the violation being charged as coming under the Section 97-3-7(2)(b) of the Mississippi Code. This Section does not cover reckless indifference which, in fact, is covered by a completely different subsection.
The jury instruction S-3 and D-1 instructed that recklessly under circumstances manifesting extreme indifference was an aggravated assault and it became an element of the crime charged even though it was not contained in the indictment. This court is aware that the defense was surprised and caught off guard with the reckless indifference issue. Additionally, during its deliberations, the jury did request further instructions on the reckless indifference issue and this court sent in an additional instruction on the issue. This issue was the apparent basis in the jury's mind for the conviction.
This court does have reservations about this particular issue.
It is true that the record contains no order indicating an approval of the amendment and actually ordering that the indictment be amended. The instructions as given, however, clearly reflect the new element which was not contained in the original indictment and, as noted above by the trial court, it was evidently this part of the instruction upon which the jury returned its verdict. Under these circumstances we have no alternative but to reverse and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and PITTMAN, JJ., concur.