THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A

# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 95-CA-00414-SCT

*WILLIE L. NAYLOR, JR. A/K/A RAMON JAFAR O'BRYANT, III A/K/A RAMON JAFAR O'BRYANT*

*v.*

*STATE OF MISSISSIPPI*

**MEMORANDUM/PER CURIAM AFFIRMANCE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/04/95 |
| TRIAL JUDGE: | HON. RICHARD WAYNE MCKENZIE |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| DISTRICT ATTORNEY: | E. LINDSAY CARTER |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/23/97 |
| MOTION FOR REHEARING FILED: | 11/4/97 |
| MANDATE ISSUED: | 12/15/97 |

**BEFORE PRATHER, P.J., BANKS AND McRAE, JJ.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT:**

## STATEMENT OF THE FACTS AND CASE

On August 13, 1992, William L. Naylor pleaded guilty to two separate counts of armed robbery, which counts were amended to two charges of accessory before the fact of armed robbery and one charge of accessory before the fact of murder pursuant to a plea bargain. Naylor was sentenced to two consecutive terms of ten years and a concurrent life sentence as a non-habitual offender. Naylor filed a motion to vacate his guilty plea, but the motion was denied by the Circuit Court of Forrest County. Naylor timely filed an appeal to this Court.

# ISSUES

**I. Was it reversible error to allow the appellant to plead guilty to two counts of armed robbery and then change such indictment to read accessory before the fact without the consent of the Grand Jury?**

**II. Was it reversible error and ineffective assistance of counsel when the court accepted appellant's guilty pleas to that of armed robbery and then change or amend such armed robbery indictment to read accessory before the fact of armed robbery?**

Naylor argues that his indictment should not have been changed from a charge of robbery to one of accessory before the fact without the consent of the grand jury. Generally, an indictment may not be substantively altered in such a manner as to prejudice the defendant. *Quick v. State*, 569 So.2d 1197, 1199 (Miss. 1990); Miss. Code Ann. § 99-17-13. However, this rule of law traditionally applies in the context of trials on the merits, where the state attempts to convict a defendant of a crime which is different than the one for which he was indicted. Naylor does not cite any cases in which this requirement has been applied to situations in which a defendant pleads guilty to lesser charges pursuant to a plea bargain. In addition, this Court notes that a charge of accessory before the fact of armed robbery is not substantively different from a charge of armed robbery under the law of this State.

At the hearing in which Naylor pleaded guilty, the judge informed him that the charge was being amended:

Q: Willie Naylor, did you commit two separate and distinct crimes or armed robbery?

By Hon. Glenn White: May it please the Court it was actually modified in the order to read Accessory Before the Fact and is charged as a principal, which we are supposed to do, but it's Accessory Before the Fact of Armed Robbery, 2 counts.

By the court: All right.

By Hon. Glenn White: Do you understand that, Mr. Naylor?

Naylor: Yes, Sir.

Naylor fails to cite any authority which would justify reversal, and it is clear that he was aware that he was pleading to the charges in question. This point of error is without merit.

**III. Was it ineffective assistance of counsel and denial of due process of the law when counsel failed to object to the guilty plea process or investigate the circumstances of the case, before advising appellant he needed to plead guilty before several others?**

Naylor asserts that, due in part to ineffective assistance of counsel, he was unaware that he would have to serve two consecutive ten year sentences before being eligible for parole. This assertion is not supported by the record. At the sentencing hearing, Naylor informed the judge that he understood that his sentences would be served consecutively:

Q: Do you understand as I appreciate the procedure, as it now stands, ... that regardless of the recommendation that in each of those two things you have a mandatory day for day sentence of time?

A: Yes, sir.

Q: And that has been explained to you ?

A: Yes, sir.

Q: And that those will be consecutive ?

A: Yes, sir.

Later, Naylor indicated that he understood the meaning of "consecutive"

Q: Do you understand what consecutive means ?

A: Yes, Sir. It means running on top of each other.

In addition, a Memorandum of Understanding was filed with the trial court as a part of Naylor's guilty plea, and the memorandum was initialed and signed by Naylor. The memorandum clearly indicates that the sentences are to be served consecutively.

In the view of this Court, Naylor has failed to establish that his guilty plea was not knowingly or voluntarily entered, nor does he attempt to establish any legal basis upon which this Court could conclude to the contrary. Naylor asserts that he had been diagnosed as HIV positive, and he argues that his attorneys advised him that they could only ensure that he received proper medical care if he pleaded guilty. The State notes that Naylor did not file any affidavits regarding his medical condition as required by the Collateral Conviction Relief Act, although Naylor includes within his rebuttal brief medical test results which do show the presence of the HIV virus. Whatever the state of Naylor's physical health, however, he does not set forth any convincing authority or arguments as to its relevance with regard to the present appeal. This point of error is accordingly without merit.

Naylor also argues that he received ineffective assistance of counsel:

It is unclear as to how the appellant was indicted for the aforesaid mentioned and at no was he (appellant) even requested by or through his attorneys what occurred or how the incidents occurred, etc. The only thing the appellant's attorneys were concern with were obtaining a guilty plea as quickly as possible. They were not concern with whether the appellant was guilty or not guilty.

In *Strickland v. Washington*, 466 U.S. 668 (1984) the United States Supreme Court established a two part test which must be met in order for an appellant to prevail on an ineffective assistance of counsel argument. This Court adopted *Strickland* in *Stringer v. State*, 454 So.2d 468, 476 (Miss. 1984). Naylor must demonstrate that

(1) his counsel's performance was deficient and

(2) this deficient performance prejudiced his defense.

In the view of this Court, there is insufficient evidence in the record that either part of the aforementioned test is met in the present case. As with the voluntariness issue, Naylor's arguments in the present case are less than compelling and lacking in persuasiveness. Naylor's brief contains a number of citations to applicable authority, but, with regard to the facts of the present case, Naylor's brief contains merely disjointed arguments and complaints regarding the nature of his representation and of the plea process. The following passage contains one of Naylor's few arguments as they relate to the specifics of the present case:

> Appellant Naylor, was denied proper representation of Counsel, for had counsel been effective adhered to appellant's Constitutional Rights, he wouldn't of pleaded guilty to the charge of armed robbery that was later changed to accessory before the fact during the August 13, 1992, Plea agreement. Who's to say that what was said during this supposed plea agreement that the judge wasn't talking to Naylor or was he talking with someone else for all questions we addressed to both Naylor and other defendants present, which out of legal context and showed that appellant's legal representation couldn't of possibly been in the best interest of the appellant.

This Court is cognizant that prisoners filing appeals pro se should not be expected to possess highly developed writing skills and legal expertise, but it is nevertheless incumbent upon the appellant to establish some legal basis for reversal of the trial court's ruling. Naylor has failed to raise any grounds on which this Court might conclude that the guilty plea should be vacated, and thus the ruling of the trial court is accordingly affirmed.

**DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., SULLIVAN, P.J., PITTMAN, BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**