## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-CT-01407-SCT

*KENNY RAY SMITH*

*v.*

*STATE OF MISSISSIPPI*

## CONSOLIDATED WITH

## NO. 97-CT-01521-SCT

*DONALD BERNARD MOORE a/k/a "DONMOE"*

*v.*

*STATE OF MISSISSIPPI*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 10/16/1997 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | DAVID M. RATCLIFF |
| | DAVID L. SULLIVAN |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| | JOLENE M. LOWRY |
| DISTRICT ATTORNEY: | JEANNENE T. PACIFIC |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND REMANDED - 01/06/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 01/27/2000 |

# EN BANC.

## McRAE, JUSTICE, FOR THE COURT:

¶1. From a conviction in the Jones County Circuit Court for a drive-by shooting, Kenny Ray Smith and Donald Bernard Moore appeal, assigning as error the introduction of their out-of-court statements in violation of their constitutional right of confrontation, and the inclusion of an additional element in Instruction S-1 not included in the indictment. We reverse the judgments of the Court of Appeals and the trial court and remand these cases to the circuit court for a new trial consistent with this opinion.

## STATEMENT OF THE FACTS

¶2. Around noon on December 29, 1996, Kenny Ray Smith, Donald Bernard Moore, and Michael Terrell Waters drove a white, four-door Chevrolet Caprice past the residence of Silas Ulmer on South 7th Street in Laurel, Mississippi, where he lived with several family members. Neighbors of the Ulmers, Gregory and Fritzgerald Johnson, testified that as the car drove past the Ulmer house, they heard gunshots. When the car left, Gregory Johnson went to the Ulmer house to check and see if anyone had been hurt. He saw that the front window had been shot out and found Silas Ulmer in the front room of the house lying in his bed where he had been shot in his right side. The bullet damaged his large and small intestines, requiring removal of parts of both. Dr. James A. Pittman, who performed the surgery on Silas Ulmer, removed a .25 caliber bullet from him, which was turned over to the Mississippi Crime Lab for comparison testing.

¶3. Laurel Police Officer Robert Morris issued a notice for police to be on the lookout for the white Chevrolet. Heidelberg Police Officer Joseph Dixon pulled the Chevrolet over and detained Smith, Moore, and Waters until Officer Morris arrived on the scene and took them into custody. Officers recovered a box of .25 caliber ammunition, an AK-47 rifle, a .22 caliber R&G revolver, and a .25 caliber semi-automatic pistol from the Chevrolet. The Mississippi Crime Lab determined that the bullet recovered from Silas Ulmer's body during surgery had been fired from the .25 caliber semi-automatic pistol found by officers in the white Chevrolet. Other projectiles recovered from the scene matched the three guns recovered from the Chevrolet.

¶4. Smith and Moore both gave written and video statements to police, the written statement of each being consistent with his own video statement. Each tried to minimize his own involvement and place the blame on the other. Smith said that he, Moore, and Waters drove to the Ulmer house with the intention of Smith fist-fighting Barry Ulmer over a confrontation that had occurred earlier that day. Smith and his girlfriend, Barry Ulmer's sister, had been in an argument at Smith's aunt's house. As Smith's girlfriend was getting in the car to leave, Smith slammed the door shut, denting it. After he found out about the dent, Barry Ulmer confronted Smith and threatened him with a .9 mm pistol which he shoved in Smith's mouth. According to Smith's statement, Waters drove Smith and Moore to the Ulmer house, Moore carrying an AK-47 and a .25 automatic, and Smith carrying a .22 revolver. Smith maintained that before he could get out of the car to fight Barry Ulmer, Moore started shooting, and then Smith shot two times at Barry Ulmer's car sitting next to the house. Smith claimed that after they drove away from the Ulmer house, Moore threw the .25 automatic out of the window.

¶5. In Moore's statement to police, he claimed that he was only shooting at the car with the AK-47, and that Smith was shooting the .22 and that he might have been shooting another gun, because Moore could not see. Moore stated that both he and Smith were only shooting at the car and did not intend to shoot

anyone.

¶6. Smith, Moore, and Waters were indicted for one count of drive-by shooting. The trial court granted Waters a severance, because he was not arraigned until the week before trial began. Smith and Moore were tried together, and both were convicted as charged and sentenced to serve twenty years in the custody of the Mississippi Department of Corrections. They filed separate appeals, and this Court assigned their cases to the Court of Appeals. The Court of Appeals affirmed Smith's and Moore's convictions and sentences in separate opinions and denied their motions for rehearing. They timely filed separate petitions for writ of certiorari, which we granted on September 23, 1999, and October 28, 1999. By order of this Court dated October 28, 1999, Smith's and Moore's appeals were consolidated for review on writ of certiorari.

## STATEMENT OF THE LAW

### I.

### THE COURT ERRED IN FAILING TO SUPPRESS THE WRITTEN AND VIDEO STATEMENTS OF SMITH AND MOORE IN ACCORDANCE WITH MISSISSIPPI RULES OF EVIDENCE 801 AND 802 AND IN VIOLATION OF THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF MISSISSIPPI.

¶7. Smith and Moore argue that their written and video statements were hearsay and improperly admitted, over objection, in violation of their right to confront and cross-examine witnesses against them. The Court of Appeals held that the statements were admissible under the rule announced by this Court in *Seales v. State*, 495 So. 2d 475 (Miss. 1986).

¶8. The general rule is that out-of-court statements by a co-defendant which incriminate the defendant should not be offered into evidence during the State's case in chief, because it cannot be known whether the co-defendant will testify and be subject to cross-examination to avoid violating the defendant's right to confront and cross-examine witnesses against him. *Brown v. State*, 340 So. 2d 718, 721 (Miss. 1976) (citing *Bruton v. United States*, 391 U.S. 123, 126 (1968); *Nelson v. O'Neil*, 402 U.S. 622, 626, 629-30 (1971)). This principle is also upheld in the rules of evidence governing hearsay. Miss. R. Evid. 801 et seq. One exception to the hearsay rule is that a statement "having equivalent circumstantial guarantees of trustworthiness" may be admitted under certain circumstances. Miss. R. Evid. 803(24). In *Seales*, we held that the statements of co-defendants contained "particularized guarantees of trustworthiness" and were therefore admissible, because the statements corroborated each other, each defendant admitted his own guilt, both defendants were subject to cross-examination during the hearing on the admissibility of the statements, and the jury was instructed that each confession could not be considered as evidence against the other defendant. *Seales*, 495 So. 2d at 479-80 (quoting *Ohio v. Roberts*, 448 U.S. 56, 66 (1980)).

¶9. We disagree with the conclusion of the Court of Appeals that the written and video statements here were properly admitted under *Seales*. Neither Smith nor Moore took the stand to testify in this case, even during the hearing on the admissibility of the statements. The trial court did instruct the jury that it could only consider a defendant's statement as evidence against that defendant, not as evidence against any other

person. However, in their statements, Smith and Moore both attempted to shift blame to the other by denying possession of the .25 caliber pistol, the gun that actually injured Silas Ulmer. Because the co-defendants' statements are not corroborative on this key point, and because the statements are more self-serving than self-inculpatory, we find that they do not contain the necessary "indicia of reliability" required for admissibility. *Lilly v. Virginia*, 527 U.S. 116, 119 S.Ct. 1887, 1899-1901 (1999); *Williams v. State*, 667 So. 2d 15, 19-21 (Miss. 1996); *Mitchell v. State*, 495 So. 2d 5, 10-11 (Miss. 1986). As a result, we must reverse the judgments of the Court of Appeals and the trial court, and remand this case for a new trial.

## II.

## THE TRIAL COURT ERRED IN DENYING THE DEFENDANTS' MOTION TO QUASH THE INDICTMENT.

## III.

## THE COURT ERRED IN GRANTING INSTRUCTION S-1 BY THE STATE OVER THE OBJECTION OF THE DEFENDANTS.

¶10. Smith and Moore argue that the trial court should have quashed their indictment for failure to include the statutory language, "recklessly under circumstances manifesting extreme indifference to the value of human life" and for failure to allow for the defense of self-defense. Miss. Code Ann. § 97-3-109 (Supp. 1999). They also take issue with the trial court's use of Instruction S-1 on the elements of the charge, asserting that it does not track the language in the drive-by shooting statute.

### A. Reckless Indifference

¶11. At trial and on direct appeal both Smith and Moore challenged the propriety of Jury Instruction S-1 outlining the elements of the charge, arguing that the instruction did not track the statutory language. The flawed instruction read:

> The Court instructs the jury that the Defendants have been charged with the crime of Drive By Shooting.
>
> If the Jury finds from the evidence, beyond a reasonable doubt,
>
> 1. that Kenny Ray Smith and Donald Bernard Moore, or either of them, on or about the 29th day of December, 1996 in the City of Laurel, Second judicial District, Jones County, Mississippi, did purposely, knowingly or recklessly;
>
> 2. discharged a firearm or firearms while said Defendants were in or on a vehicle under circumstances manifesting an extreme indifference to the value of human life by discharging said firearm or firearms and thus striking the said Silas Ulmer, with a bullet and;
>
> 3. that said Kenny Ray Smith and Donald Bernard Moore were not acting in lawful self-defense then you shall find the Defendants, or either of them, guilty as charged.
>
> If the prosecution has failed to prove any one or more of the elements in this case beyond a reasonable doubt then you shall find the defendants, or either of them, not guilty.

¶12. This issue is intertwined with the issue regarding failure to include all of the requisite elements of drive-by shooting in the indictment. As addressed by Judge Southwick in his concurring opinion in Smith's case and his dissenting opinion in Moore's case, Instruction S-1 improperly includes an additional charge for reckless indifference, not found in the indictment. One violates the drive-by shooting statute by attempting to cause serious bodily injury, by purposely or knowingly causing serious bodily injury, or by causing serious bodily injury recklessly under circumstances manifesting extreme indifference to the value of human life "by discharging a firearm while in or on a vehicle." Miss. Code Ann. § 97-3-109(1) (Supp. 1999). In this case, the indictment did not charge Smith and Moore with attempt or with reckless indifference. The jury instruction, on the other hand, did include the reckless indifference element.

¶13. This practice is contrary to existing law as set out by this Court in *Quick v. State*, 569 So. 2d 1197 (Miss. 1990). In *Quick*, the indictment charged the defendant with aggravated assault, the statutory elements of which are the same as the elements of drive-by shooting, minus the element of "by discharging a firearm while in or on a vehicle" required under the drive-by shooting statute. Quick was indicted under the purposely and knowingly alternative. *Quick*, 569 So. 2d at 1198. The State moved to amend the indictment on the day of trial to include the reckless indifference language. *Id*. Although there was no order in the record granting the State's motion, the jury instructions were altered to include the reckless indifference language. *Id*. at 1198-99. We reversed Quick's conviction, reiterating the long-standing rule that "the state can prosecute only on the indictment returned by the grand jury and that the court has no authority to modify or amend the indictment in any material respect." *Id*. at 1199.

¶14. Smith and Moore sufficiently addressed the error to preserve it on appeal by objecting to the form of Instruction S-1, moving to quash the indictment for failure to include the reckless indifference element, and offering Instructions D-7 and D-11 on the correct elements as charged in the indictment. The judgment of the Court of Appeals on this point is contrary to our decision in *Quick*, requiring reversal of both the trial court's judgment and the judgment of the Court of Appeals and remand for a new trial. We also caution the trial court to remedy the confusing wording of the instruction on the elements of drive-by shooting in this case on remand.

## B. Self-Defense

¶15. The Court of Appeals found that because there was no evidence of self-defense in this case, omission of the phrase "other than for lawful self-defense" in the indictment did not render it defective. We agree. The indictment charged that Smith, Moore, and Waters "unlawfully, wilfully and feloniously did knowingly cause serious bodily injury to Silas Ulmer by discharging a firearm while in a vehicle and thus striking the said Silas Ulmer, with bullets fired from said firearm, in violation of Section 97-3-109 . . ." Section 97-3-109(1), under which the defendants were charged states:

> A person is guilty of a drive-by shooting if he attempts, other than for lawful self-defense, to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life by discharging a firearm while in or on a vehicle.

Miss. Code Ann. § 97-3-109(1) (Supp. 1999). "Every material fact and essential ingredient of the offense-every essential element of the offense-must be alleged with precision and certainty, or, as has been stated, every fact which is an element in a prima facie case of guilt must be stated in the indictment." *Copeland v.*

*State*, 423 So. 2d 1333, 1336 (Miss. 1982) (quoting *Brewer v. State*, 351 So. 2d 535, 536 (Miss. 1977) (quoting *Love v. State*, 211 Miss. 606, 611, 52 So.2d 470, 472 (1951))). "The burden of proof in a criminal case never shifts from the State to the defendant. The State is required to prove every material element of the indictment beyond reasonable doubt. Likewise, the defendant is not required to prove that he acted in self-defense, and, if a reasonable doubt of his guilt arises from the evidence, including evidence of self-defense, he must be acquitted." *Sloan v. State*, 368 So. 2d 228, 229 (Miss. 1979) (reversing manslaughter conviction due to trial court's failure to instruct jury on element of manslaughter that defendant did not act in necessary self-defense). However, as Judge Southwick pointed out in his concurring opinion in Smith's appeal, "[E]ven when the criminal statute mentions self defense, no purpose is served by requiring that the indictment do so. It is sufficient if the jury is given instructions on the defense once meaningful evidence is presented." Court of Appeals Opinion at ¶25; *see Wadford v. State*, 385 So. 2d 951, 954 (Miss. 1980) (denial of self-defense instruction in murder case was proper where no evidence supported a finding of self-defense). The jury was properly instructed that it had to find that Smith and Moore were not acting in self-defense before convicting them of the charge, and the evidence supported the jury's finding that the defendants were not acting in self-defense. We therefore find that the trial court's refusal to quash the indictment based upon its failure to include the element of lack of self-defense does not require reversal.

## CONCLUSION

¶16. The judgment of the Court of Appeals regarding the trial court's failure to suppress the written and video statements of the co-defendants in this case is in conflict with existing United States Supreme Court and Mississippi Supreme Court opinions. Contrary to the judgment of the Court of Appeals, the trial court also committed reversible error by granting Instruction S-1 on the elements of the crime in this case, because it contained an additional charge for reckless indifference not included in the indictment. As a result, we reverse the judgments of the Court of Appeals and the trial court, and remand these cases to the Circuit Court of Jones County for a new trial.

¶17. **REVERSED AND REMANDED.**

> **PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS AND WALLER, JJ., CONCUR. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY MILLS, J. COBB, J., JOINS IN PART. COBB, J., CONCURS IN PART AND DISSENTS IN PART WITHOUT SEPARATE WRITTEN OPINION.**

> **SMITH, JUSTICE, DISSENTING:**

¶18. I disagree with the majority opinion and adopt the reasoning of Judge Payne, author of the Court of Appeals majority regarding the granting of Jury Instructions I and II. Specific jury instructions that are defective do not require reversal if the Court can say that all instructions when taken as a whole fairly, although not necessarily perfectly, announce the applicable rules of law. *Snapp v. Harrison*, 699 So. 2d 567, 569 (Miss. 1997); *Starcher v. Byrne*, 687 So. 2d 737, 742 (Miss. 1997); *Taylor v. State*, 597 So. 2d 192, 195 (Miss. 1992). Thus, in my view the Court of Appeals was correct in affirming Smith's conviction and sentence because when all jury instructions are read and considered together, the jury was clearly properly instructed.

¶19. I respectfully dissent.

**MILLS, J., JOINS THIS OPINION. COBB, J., JOINS THIS OPINION IN PART.**