SOUTHWICK, J.,
for the Court.
¶ 1. Kelvin Sumrall was convicted by a circuit court jury of manslaughter while driving under the influence. On appeal he alleges an unreasonable search and seizure, ineffective assistance of counsel, constitutional violations, improperly admitted testimony, and improper prejudice in closing arguments and jury voir dire. We find no error and affirm.
FACTS
¶ 2. On July 14, 2003, Sumrall was driving his vehicle, a small two-door Acura, with three additional occupants, along a road in Lauderdale County. Sumrall and two of the other occupants had previously been drinking alcohol and continued to drink while traveling. Sumrall did not stop at a stop sign and entered onto the right of way of an intersecting road. Renee Walker was driving a Dodge Caravan, with her mother Debra Bell as the front seat passenger and four children seated in the rear of the vehicle. Walker was on the intersecting road, proceeding at about 45 mph, and she had the right of way. Her van collided with Sumrall’s Acura after he failed to stop. Debra Bell was ejected from the vehicle and died on the scene. Others in the Walker vehicle received a range of injuries. Sumrall was knocked unconscious and the other three occupants of his automobile fled on foot. Sumrall was transported to the hospital. Blood was drawn from him in order to determine the presence of alcohol or some controlled substance.
¶ 3. Shortly after Sumrall’s arrival at the hospital, he was visited by Lauderdale County Deputy Sheriff Rosenbaum. The deputy smelled alcohol on Sumrall’s breath and was aware that alcohol containers *334 were found in his vehicle. Rosenbaum asked Sumrall a few routine questions and determined that Sumrall was coherent, alert, and responsive. Rosenbaum gave Sumrall warnings concerning his constitutional rights. The deputy requested consent for a blood-alcohol test. Sumrall consented to having his blood drawn and signed a consent form. The Mississippi State Crime Lab determined that Sumrall had a blood alcohol content of 0.14%. This was above the legal limit for drivers in Mississippi. Miss.Code Ann. § 63-11-30(1) (Rev.2004).
DISCUSSION

1. Unreasonable Search and Seizure

¶ 4. The Fourth Amendment to the United States Constitution and Article 3, Section 23 of the Mississippi Constitution contain nearly identical language protecting citizens from unreasonable searches and seizures. Sumrall moved to suppress the results of the test performed on his blood drawn in the hospital. At trial he alleged that there were no exigent circumstances and that a search warrant should have been obtained. On appeal Sumrall raises for the first time alternative arguments of diminished capacity or lack of probable cause for the drawing of blood. The latter issues, having not been raised at trial, were not properly preserved for appeal. Haddox v. State, 636 So.2d 1229, 1240 (Miss.1994). We address his trial arguments.
¶ 5. Consent alone is sufficient to permit the taking of a blood sample. Graves v. State, 708 So.2d 858, 863 (Miss.1997). There was no need for a search warrant or exigent circumstances. Had Sumrall wished for the trial court to consider whether diminished capacity made his consent ineffective, he had the burden of introducing evidence to raise that issue. Jones v. State, 607 So.2d 23, 28 (Miss.1991). Sumrall never raised the issue; no evidence of reduced capacity is before us.
¶ 6. There is evidence that the deputy sheriff warned Sumrall about his rights, including that he could remain silent and could have the assistance of an attorney. Sumrall nonetheless consented to having blood drawn and signed a consent form. The trial judge had adequate support for denying Sumrall’s motion to exclude evidence from the blood test.

2. Ineffective Assistance of Counsel

¶ 7. Sumrall argues that his counsel was ineffective by failing to object to leading questions, not challenging testimony that Sumrall used drugs, failing to attack the credibility of witnesses, and not challenging testimony as to injuries resulting from the accident.
¶ 8. A counsel is constitutionally ineffective if his performance was deficient and this deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Prejudice is proven by showing that there is a “reasonable probability” that without the deficiency of counsel the trial would have had a different outcome; the probability requires examining all the circumstances of trial. Nicolaou v. State, 612 So.2d 1080, 1086 (Miss.1992). The burden of proof is on the defendant, Sumrall. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). Mere allegations of prejudice will not suffice to meet the burden of proof on the issue of prejudice. Johnston v. State, 730 So.2d 534, 538 (Miss.1997). Sumrall failed to demonstrate any prejudice from the alleged deficiencies by counsel. Consequently, there was not constitutionally inadequate representation.

*335
3. Violation of Constitutional Due Process

¶ 9. Sumrall argues that the indictment charged two methods of committing the alcohol element of the offense. He bases this argument on the following phrase in the indictment: “operate a motor vehicle while under the influence of intoxicating liquor, while having a 0.14% alcohol level in his blood.... ” Sumrall’s point is that the indictment required two things: proof independent of the blood test on which the jury could rely that he was under the influence, and proof of the blood-alcohol level of at least 0.14%. Sumrall argues that at trial the State was allowed a lighter burden since the jury instructions did not mention his being under the influence. Instead, conviction was permitted if Sumrall did “negligently operate a motor vehicle while having .08% or more blood alcohol by weight volume....” The “.08%” in the instruction reflected the statutory standard for driving under the influence. Miss. Code Ann. 63-11-30(1) (Rev.2004).
¶ 10. This issue was not raised at the trial court, and the jury instruction that is now challenged was accepted without onjection. That waives the issue. Washington v. State, 800 So.2d 1140, 1145 (Miss.2001). To the extent Sumrall is now alleging his counsel’s ineffectiveness, it is worthwhile to examine the validity of the legal point now being made for the first time.
¶ 11. To understand the alleged inconsistency between the indictment and the instruction, we first note that the indictment charged that Sumrall operated a motor vehicle while under the influence of alcohol and specifically while having a 0.14% alcohol level in his blood. Miss. Code Ann. § 63-11-30(1) (Rev.2004). The indictment also charged that the operation of the motor vehicle was in a negligent manner because of the failure to comply with a stop sign, causing the collision and the death of Debra Bell. Miss.Code Ann. § 63-11-30(5) (Rev.2004).
 ¶ 12. The applicable portion of the challenged jury instruction required the jury to find that Sumrall “did wilfully and unlawfully and negligently operate a motor vehicle while having .08% or more blood alcohol by weight, and as a result of running a stop sign and crashing his vehicle ... he did cause the death of Debra Bell.” It is not necessary that the State prove that a defendant was exhibiting symptoms of being under the influence of alcohol. Either proof of the blood-alcohol level or evidence of the manner in which Sumrall was acting at the time of the offense, constitutes sufficient evidence of the offense. Young v. City of Brookhaven, 693 So.2d 1355, 1358 (Miss.1997). There is no requirement that multiple independent ways to commit a crime, even if multiple means are stated in an indictment, all be proven before there is a valid conviction. The only purported authority Sumrall cites for such an obligation instead discusses whether an extra burden beyond the minimum elements of the crime was placed in the indictment. Quick v. State, 569 So.2d 1197 (Miss.1990). The Supreme Court reversed even though the statute that set out the offense permitted conviction if the accused was reckless. Since the indictment had charged the defendant with acting intentionally, the State was obligated to prove intent and could not through an instruction reduce its burdens of proof. Id. at 1199-1200. Sumrall’s indictment listed alternative elements of the crime as opposed to a heightened version of one of the elements.
¶ 13. Sumrall also argues that the jury instructions assumed the fact that he was driving the vehicle. To the contrary, the opening direction to the jurors in the instruction was that “should you find from *336 the evidence in this case” that the various events had occurred, including that “as a result of running a stop sign” he struck the other vehicle, then the defendant should be found guilty. Sumrall contested that he was the driver. The instruction adequately made it an issue for the jurors that in order to find him guilty, they must find that he was the person operating the vehicle.
¶ 14. Sumrall argues that the language of the indictment raises the possible offense of culpable negligence manslaughter which carries a lesser sentence. Miss. Code Ann. § 97-3-47 (Rev.2000). The State has discretion when deciding upon which charge to seek indictment. Wilson v. State, 904 So.2d 987, 992 (Miss.2004). The State’s selection here was a valid one.

U. Competency of Witness

¶ 15. Sumrall argues that the trial court erred in finding Bryan Clayton, one of the occupants of the vehicle which Sumrall was driving, competent to testify. Trial courts have discretion in determining competency of a witness, decisions we will uphold unless the discretion is abused. Gilley v. State, 748 So.2d 123, 126 (Miss.1999). The trial judge conducted a competency hearing after Clayton was unresponsive to the first questions that he was asked. During that hearing, defense counsel was allowed to exam Clayton. Clayton was found competent to testify. Sumrall argues that improper prosecutorial influence of Clayton’s testimony should be inferred because Clayton conversed with the prosecutors before testifying. Clayton testified that prosecutors did not instruct him what to say. Relevant portions of Clayton’s testimony were corroborated by another witness.
¶ 16. There was no error in allowing Clayton to testify.

5. Prejudice in Closing Argument

¶ 17. Sumrall argues that the jury verdict was the product of prejudice resulting from the prosecution’s closing arguments. The only part of the argument quoted in Sumrall’s brief, though it is in the introductory sections and not later when this error is being alleged, will be discussed. After reminding the jurors that defense counsel had stated that the deceased Debra Bell could not be brought “back, and what you are doing here is not for her,” the prosecutor took issue with the defense argument that the victim was irrelevant in deliberations: “Ladies and gentlemen, it is for her. It’s for her and those children. It’s for her family, who miss her.”
¶ 18. Sumrall argues that prejudice was created by this remark because it had the effect of placing an extra burden on the jury. It is reversible error to permit a closing prosecution argument that creates an “extra-legal burden of accountability” in the minds of the jurors. Sheppard v. State, 777 So.2d 659, 661 (Miss.2000). In Sheppard, this effect was created when the prosecutor told the jurors that if they acquitted, they should call and explain their reasoning so he could inform the family of the victim. Id.
¶ 19. On the other hand, counsel is allowed leeway in oral arguments based on evidentiary facts, application of law to these facts, and conclusions that can be reasonably drawn. Bush v. State, 895 So.2d 836, 850 (Miss.2005). Prosecutors may also respond to defense statements. Booker v. State, 511 So.2d 1329, 1332 (Miss.1987). In the present case, the prosecutor was explicitly responding to defense counsel’s argument to ignore the deceased. There is no obligation that the State ignore the victim at a trial. This limited, responsive argument did not create preju *337 dice that would sink to the level of reversible error.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY OF CONVICTION OF DUI MANSLAUGHTER AND SENTENCE TO TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND FINE OF $1,000 IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.