777 So.2d 677 (2000)
Betty Jo CRAIG a/k/a Betty Joe Mix Craig a/k/a Betty Mix, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-01087-COA.
Court of Appeals of Mississippi.
September 19, 2000.
Rehearing Denied December 5, 2000.
Certiorari Denied February 8, 2001.
*679 Jack R. Jones III, Southaven, Attorney for Appellant.
Office of the Attorney General by Billy L. Gore, Attorney for Appellee.
BEFORE KING, P.J., LEE AND MYERS, JJ.
MYERS, J., for the Court:
¶ 1. Betty Jo Craig was convicted in DeSoto County Circuit Court of two counts of obtaining a controlled substance by fraud and sentenced to six years imprisonment on each count, the sentences to run consecutively. She appeals and argues that the verdicts were against the overwhelming weight of the evidence and that trial counsel was ineffective. We find no error and affirm the circuit court judgment.

FACTS
¶ 2. On January 14, 1997, James Randall Crase called Betty Craig and asked if she needed transportation to a drugstore. Crase and Craig were longtime friends, and she had previously asked him for a ride to the drugstore. Unbeknownst to Craig, Crase was being used as a confidential source by law enforcement and Agent Stanford of the DeSoto County Metro Narcotics Unit had arranged for Crase to take Craig to the Kroger Pharmacy in Olive Branch and to the Walgreen's in Horn Lake. At both locations Crase waited in the car while Craig went inside.
¶ 3. Mike McKnatt, the pharmacist at Kroger, testified that he filed a prescription in the name of Eugene Blackwell for Vicodin ES, a schedule III controlled drug. McKnatt was told to fill a Vicodin prescription for a "short black lady, kinda heavy set," the description given by agents of the DeSoto County Narcotics Unit for Craig. McKnatt could not positively identify Craig at trial as the person he gave the prescription to but did identify Craig as matching the description.
¶ 4. At Walgreen's, Samuel Estes, the pharmacist, filled a prescription in the name of Robert Harris for Mepergan Fortis. Estes had been contacted by law enforcement authorities and asked to allow a prescription for Mepergan, a pain medicine, to go through. Estes was unable to identify Craig as the lady who passed the prescription.
¶ 5. After Craig and the confidential source left Walgreen's, they were stopped by agents of the DeSoto County Narcotics Unit. Lieutenant Kenny Laughter testified that he had been called from the pharmacy at Walgreen's, notified that the prescription had been passed and was given a description of the vehicle that the informant Crase was driving. After the vehicle was stopped one prescription sack and bottle was found in the back seat of the vehicle. Craig was placed under arrest and transported to the DeSoto County Jail where a custodial search uncovered a Walgreen's pharmacy sack containing Mepergan Fortis concealed in Craig's bra.
¶ 6. Loretta Prince, an employee of Dr. Futrell, an ear, nose and throat doctor, testified that she had worked for the doctor for twenty five years and was familiar with his signature. She testified that the signature on both prescriptions was not Dr. Futrell's and that she had not found any patients by the name of Eugene Blackwell or Robert Harris in the doctor's records.
*680 ¶ 7. Craig did not testify and presented no witnesses on her behalf. The jury found Craig guilty of both counts of obtaining a controlled substance by fraud.
ARGUMENT
WHETHER THE TRIAL COURT ERRED IN FAILING TO GRANT THE MOTION FOR DIRECTED VERDICT, PEREMPTORY INSTRUCTION, MOTION FOR JNOV OR NEW TRIAL
¶ 8. Craig contends that there was insufficient proof to convict her of the crimes charged. As is often the case, Craig has blurred the distinction between weight and sufficiency of the evidence. "Weight" implicates the denial of a motion for new trial and "sufficiency" implicates the denial of motions for directed verdict, peremptory instruction and judgment notwithstanding the verdict. May v. State, 460 So.2d 778, 781 (Miss.1984).
¶ 9. In reviewing the legal sufficiency of the evidence, our authority to disturb the jury's verdict is quite limited. Clayton v. State, 652 So.2d 720, 724 (Miss. 1995). We consider the evidence in the light most consistent with the verdict. Id. The prosecution must be given the benefit of "all favorable inferences that may reasonably be drawn from the evidence." Id. We may not reverse unless one or more of the elements of the offense charged is such that reasonable and fairminded jurors could only find the accused not guilty. McClain v. State, 625 So.2d 774, 778 (Miss. 1993).
¶ 10. In determining whether a jury verdict is against the overwhelming weight of the evidence, the trial court is required to view all of the evidence in the light most favorable to the verdict. Strong v. State, 600 So.2d 199, 204 (Miss.1992). As to matters upon which the evidence was in conflict, the court should assume that the jury resolved the conflict in a manner consistent with the verdict. Gossett v. State, 660 So.2d 1285, 1294 (Miss.1995). The court must grant a new trial if it reaches the conclusion, based upon a review of the evidence in this light, that to sustain the verdict would work a manifest injustice. Burrell v. State, 613 So.2d 1186, 1191 (Miss.1993). Otherwise, the court should deny the motion.
¶ 11. Craig's argument is that "[t]he proof failed to identify by credible evidence that [she] participated in a crime." The jury is charged with the responsibility of weighing and considering conflicting evidence, evaluating the credibility of witnesses, and determining whose testimony should be believed. McClain, 625 So.2d at 781. The jury has the duty to determine the impeachment value of inconsistencies or contradictions as well as testimonial defects of perception, memory, and sincerity. Noe v. State, 616 So.2d 298, 302 (Miss.1993) "It is not for this Court to pass upon the credibility of witnesses and where evidence justifies the verdict it must be accepted as having been found worthy of belief." Williams v. State, 427 So.2d 100, 104 (Miss.1983).
¶ 12. Craig faults the State's evidence as failing to show that she was the person who actually presented the prescriptions. While neither of the pharmacists was able to give a positive in-court identification of Craig, Mike McNatt, the pharmacist at Kroger Pharmacy, was able to testify that a person matching Craig's description presented the prescription to be filled. There was also the testimony of James Crase placing Craig at each pharmacy and the testimony of police officers that the drugs were found in Craig's possession. The testimony that the doctor's signature was a forgery was not contradicted.
¶ 13. The State's evidence, together with all reasonable inferences drawn therefrom, was sufficient to support the jury verdict.
THE TRIAL COUNSEL WAS INEFFECTIVE AND THE CONVICTION SHOULD BE REVERSED FOR A NEW TRIAL.
*681 ¶ 14. Craig contends that the trial counsel's performance was deficient to the extent that she was denied effective assistance of counsel, citing the Court to Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
¶ 15. In support of her argument, Craig contends that Sergeant McClain should have been called as a witness to testify that drugs were not found on Craig during the custodial search and given to McClain. Craig also contends that her attorney should have moved for a mistrial when she was seen by the jury in handcuffs during a lunch recess.
¶ 16. At trial Belinda Dean testified that she found the Walgreen's pharmacy sack inside Craig's bra during the custodial search after Craig's arrest. Dean testified that she then gave the sack and contents to her supervisor Sergeant McClain as part of standard procedure.
¶ 17. Craig's claim must be assessed under a two-part test established in Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. 2052, and followed by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 476 (Miss.1984). Craig must successfully meet both prongs. Under Strickland and Stringer, Craig must show: (1) that trial counsel's performance was deficient, and (2) that trial counsel's deficient performance prejudiced her defense. Stringer, 454 So.2d at 476. The defendant bears the burden of demonstrating that both prongs have been met. Leatherwood v. State, 473 So.2d 964, 968 (Miss.1985). Additionally, there is a strong but rebuttable presumption that an attorney's performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic. Vielee v. State, 653 So.2d 920, 922 (Miss.1995). Application of the Strickland test is applied with deference to counsel's performance, considering the totality of the circumstances to determine whether counsel's actions were both deficient and prejudicial. Conner v. State, 684 So.2d 608, 610 (Miss.1996). The test is to be applied to the overall performance of the attorney. Strickland, 466 U.S. at 695, 104 S.Ct. 2052. With respect to the overall performance of the attorney, "counsel's choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections fall within the ambit of trial strategy." Scott v. State, 742 So.2d 1190(¶ 14) (Miss.Ct.App.1999); Cole v. State, 666 So.2d 767, 777 (Miss. 1995); Murray v. Maggio, 736 F.2d 279, 283 (5th Cir.1984).
¶ 18. In this case, there is no support for Craig's contention that Sergeant McClain would have contradicted Belinda Dean's testimony if called on to testify. There is also no indication that Craig was brought into the courtroom with handcuffs at any time the jury was present. Decisions on witnesses and objections can be attributed to attorney trial strategy. In short, Craig has failed to make even a baseline argument that her counsel was constitutionally ineffective.
¶ 19. We find no error and affirm the circuit court judgment.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF TWO COUNTS OF OBTAINING A CONTROLLED SUBSTANCE BY FRAUD AND SENTENCE OF SIX YEARS ON EACH COUNT WITH SENTENCES TO RUN CONSECUTIVELY IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR. IRVING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.