KING, P. J.,
for the court.
¶ 1. Rodney Norwood was convicted of aggravated assault in the Jefferson Davis County Circuit Court. Norwood was sentenced to a term of twenty years in the custody of the Mississippi Department of Corrections with fifteen years to serve and the remaining five years conditionally suspended and five years of post-release supervision. Norwood was also ordered to pay restitution. Aggrieved by his conviction, Norwood has appealed and raised the following issues:
I. Whether the verdict was against the weight and sufficiency of the evidence.
II. Whether the trial court erred by denying Norwood’s motion for a mistrial and by allowing the case to go to the jury after it was tainted by inadmissible hearsay testimony.
FACTS
¶ 2. On May 23, 2000, Norwood went to the D & D Drilling work site in Jefferson Davis County seeking employment. He talked to Hilery MeCaskill who testified that Norwood “just barged up in my living quarters. I asked him to knock. He walked outside and knocked, come [sic] back in, had an attitude. He was looking for a job. I told him I didn’t have no [sic] openings.” An argument ensued between the two men and Norwood left the work site in a brown car. Afterwards, McCas-kill and one of his drillers, William Kim-ball, drove the company truck to a nearby store.
¶ 3. As MeCaskill and Kimball were approaching the work site on their return from the store, Norwood returned to the work site in a blue pick-up truck. According to MeCaskill, upon entering the work site, Norwood stopped on the company access road to talk to someone. MeCaskill indicated that he stopped his vehicle near Norwood’s vehicle and told Norwood that he “didn’t want any trouble.” Norwood then exited his vehicle. He stated that as he talked to MeCaskill, who remained seated in the truck, he “notice[d] on his right hand that Hilery had his hand on a gun.” Norwood testified that he reached back into his truck and grabbed his gun from the seat. MeCaskill testified that while seated in the truck, he grabbed his gun from between the seats but immediately put it back because it was not loaded. As the argument continued, MeCaskill exited his vehicle, at which point Norwood shot him.
¶ 4. Kimball went back to the work site to get assistance, and Norwood went home. The shooting was investigated by Sheriff Henry McCullum. Upon arrival at the scene, McCullum was informed that Norwood had shot MeCaskill. McCullum then went to Norwood’s house, where Nor-wood surrendered himself and the gun.
¶ 5. On July 26, 2000, Norwood was indicted on a charge of aggravated assault. On July 30, 2001, in a jury trial, Norwood was convicted of aggravated assault. On August 3, 2001, Norwood was sentenced to a term of twenty years in the custody of the Mississippi Department of Corrections *737 with fifteen years to serve and the remaining five years conditionally suspended, with five years post-release supervision, and ordered to pay restitution.
ISSUES AND ANALYSIS
I.
Whether the verdict was against the weight and sufficiency of the evidence.
¶ 6. Norwood contends that the verdict was against the weight and sufficiency of the evidence. A challenge to the weight and sufficiency of the evidence is reviewed by this Court in the following manner:
In determining whether a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial.
Herring v. State, 691 So.2d 948, 957 (Miss.1997).
The sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence ... must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.
McClain v. State, 625 So.2d 774, 778 (Miss.1993) (citations omitted).
¶ 7. Norwood maintains that he proved at trial that the shooting was an act of self-defense. The defendant is not required to prove that he acted in self-defense, and, if a reasonable doubt of his guilt arises from the evidence, including evidence of self-defense, he must be acquitted. Smith v. State, 754 So.2d 1159(¶ 15) (Miss.2000). In this case, the jury was given an opportunity to consider self-defense. The jury received a self-defense instruction,[1] but elected to return a verdict of guilty of aggravated assault.
¶ 8. In this case, there was conflicting testimony. Norwood testified that:
Hilery was getting out of that truck jawing at me. Steady jawing at me. And he went to waving his hand. When I seen [sic] his hand move, [sic] shot went off. And at that time, I seen [sic] Billy over there. Point-blank Billy had a gun. And I’m thinking two guns. I’m thinking Hilery has a gun, I’m thinking Billy has a gun, Billy has a gun now.
¶ 9. However, McCaskill testified that:
A. Well, I told him I didn’t want no trouble. I got out of the truck with my hands in the air. Told him I didn’t want no trouble, “go on and leave us alone, we’re out of town.”
[[Image here]]
Q. What happened then?
A. He just said he was ready for anything. Next thing I knowed [sic], I walked beside his truck, in between the trucks, turned around, and he shot me.
*738 Q. Did you still have your hands in the air?
A. Yes, sir.
Q. Did you threaten him?
A. No, sir.
Q. Did you curse him?
A. No, sir.
Q. Did you try to hit him?
A. No, sir.
Q. Did you have a gun on your person?
A. In my truck.
Norwood said he acted in self-defense. McCaskill said that he did not pull a gun on Norwood and that he got out of the truck with his hands in the air. Kim-ball, an eyewitness who testified for the State indicated that “as far as I know, he didn’t have nothing in his hands. His hands was [sic] wide open and in the air like that.” The evidence was in conflict as to what had occurred. Conflicts in evidence are to be resolved by the trier of fact. Craig v. State, 777 So.2d 677 (¶ 10) (Miss.Ct.App.2000). Had the jury as trier of fact resolved the conflict in favor of Norwood, the evidence would have supported a not guilty verdict. Instead, the jury resolved the conflict in favor of McCaskill, and found Norwood guilty. There is sufficient evidence in the record to support this judgment.
¶ 10. Having determined that reasonable and fair-minded jurors could find Norwood guilty beyond a reasonable doubt and that the evidence was sufficient to support the verdict, this Court affirms the trial court’s decision.
II.
Whether the trial court erred by denying Norwood’s motion for a mistrial and by allowing the case to go to the jury after it was tainted by inadmissible hearsay testimony.
¶ 11. Norwood contends that the trial judge should have granted his motion for a mistrial after Kimball testified to inadmissible hearsay. Norwood maintains that the testimony regarding an unknown person on the road who was talking to Norwood about fighting was objected to and the objection was sustained. Therefore, he asserts that a mistrial should have been granted after the jury heard this testimony.
¶ 12. A review of the transcript reveals that the following took place:
Q. After the defendant finished his conversation, what did you all do?
A. Well, after he left, we was [sic] easing on up, and we stopped to talk to that guy that Rodney talked to, or something or other. And he said he was trying to get him to fight us, or something or other. And he said he didn’t want no part of that.
MR. SWEATT: We object to hearsay of this unknown, unnamed person on the road, Your Honor.
THE COURT: All right, sir. I’ll sustain as hearsay.
The trial judge then instructed the jury to disregard the testimony and asked the jury if it could in fact disregard the testimony, to which the jury responded affirmatively.
¶ 13. Norwood claims that the hearsay statement was “an inflammatory characterization” of him “as one who was picking a fight” and therefore a mistrial should have been declared.
¶ 14. Pursuant to URCCC 3.12, a motion for a mistrial may be granted where:
Upon motion of any party, the court may declare a mistrial if there occurs during the trial, either inside or outside the courtroom, misconduct by the party, *739 the party’s attorneys, or someone acting at the behest of the party or the party’s attorney, resulting in substantial and irreparable prejudice to the movant’s case.
Upon motion of a party or its own motion, the court may declare a mistrial if:
1. The trial cannot proceed in conformity with law; or
2. It appears there is no reasonable probability of the jury’s agreement upon a verdict.
¶ 15. The decision to declare a mistrial is committed to the sound discretion of the trial court. Lenox v. State, 727 So.2d 753(¶ 24) (Miss.Ct.App.1998). When the court sustains objections to improper testimony of witnesses or improper remarks of legal counsel participating in a trial, it is presumed, unless otherwise shown, that the jury followed the directions of the trial judge to disregard such comment or testimony. Holifield v. State, 275 So.2d 851, 856 (Miss.1973). The supreme court has held that when the trial judge sustains an objection to testimony and directs the jury to disregard it, prejudicial error does not result. Weeks v. State, 804 So.2d 980(¶35) (Miss.2001). The jury is presumed to understand that the court disapproves of any testimony when an objection is sustained. Id. The trial judge took corrective action by instructing the jury to disregard the hearsay testimony. The record reveals no abuse of the trial judge’s discretion in this matter.
¶ 16. THE JUDGMENT OF THE JEFFERSON DAVIS COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FIFTEEN YEARS TO SERVE AND THE REMAINING FIVE YEARS SUSPENDED ON POST-RELEASE SUPERVISION, AND ORDERED TO PAY RESTITUTION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO JEFFERSON DAVIS COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, AND CHANDLER JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.

. Jury Instruction Number 6: For you to find the shooting in this case to have been done in self defense, the evidence must show that Rodney Norwood was in either actual, present or urgent danger, or Rodney Norwood must have had reasonable grounds to apprehend a design on the part of Hilary [sic] McCaskill to kill him or do some great bodily harm to him, and in addition to that, Rodney Norwood must have had reasonable ground to apprehend that there was imminent danger of such design being accomplished. It is for the jury to determine the reasonableness of the ground on which the defendant acted.