965 So.2d 767 (2007)
Jeffery SMITH, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KA-01145-COA.
Court of Appeals of Mississippi.
September 25, 2007.
*768 Carolyn R. Benson, Fulton, attorney for appellant.
Office of the Attorney General by Deshun Terrell Martin, attorney for appellee.
Before MYERS, P.J., BARNES and ROBERTS, JJ.
MYERS, P.J., for the Court.
¶ 1. Jeffery Smith was found guilty of possession of precusors used in the manufacture of methamphetamine by a jury of the Circuit Court of Itawamba County and sentenced to twelve years in the custody of the Mississippi Department of Corrections with five years of the sentence suspended and five years post-release supervision and fined $5,000. On appeal, he raises the issue that the court erred in failing to grant his motion for judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial. The Court finds no error and affirms the judgment.

FACTS
¶ 2. Narcotics Agent Chris Umfress arrested Lisa Walls and William G. Meade for possession of precusors at the Wal-Mart in Fulton, Mississippi. Agent Umfress testified that, based on information obtained from Walls and Meade, he went to Jeffery Smith's residence. When Agents Umfress, Brian Rushing, and Tammy Reynolds arrived at Smith's residence they received written consent to search the house and camper parked behind the house. The officers discovered evidence indicating that methamphetamine had been manufactured at the location.
¶ 3. Smith testified, as the only witness for the defense, that he knew nothing of the precusors and other equipment found at his residence and that only William Meade and Lisa Walls were making the methamphetamine. He admitted that he had been a methamphetamine user, but denied that he was involved in the manufacture of methamphetamine. Ultimately, Smith was convicted by a jury for the *769 possession of precusors used in the manufacture of methamphetamine.

STANDARD OF REVIEW
¶ 4. A trial court's denial of a motion for JNOV challenges the legal sufficiency of the evidence presented. Boose v. State, 851 So.2d 391, 394(¶ 13) (Miss.Ct.App. 2003). When reviewing a trial court's denial of a motion for JNOV, we are to consider the evidence in the light most favorable to the non-movant, giving the benefit of all favorable inferences that may be reasonably drawn from the evidence. Dilworth v. State, 909 So.2d 731, 736(¶ 17) (Miss.2005). "If the facts so considered point so overwhelmingly in favor of the appellant that reasonable men could not have arrived at a contrary verdict, we are required to reverse and render." Buskirk v. Elliott, 856 So.2d 255, 265 (Miss.2003) (quoting Steele v. Inn of Vicksburg, 697 So.2d 373, 376 (Miss.1997)). "On the other hand if there is substantial evidence in support of the verdict, that is, evidence of such quality and weight that reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions, affirmance is required." White v. Stewman, 932 So.2d 27, 32 (Miss.2006) (quoting Steele, 697 So.2d at 376).

DISCUSSION
¶ 5. Smith alleges that the trial court committed reversible error in overruling his motion for JNOV or, in the alternative, for a new trial. Pursuant to our standard of review, we must consider the evidence most favorable to the prosecution.
¶ 6. Agents Umfress and Reynolds testified at trial that upon arriving at Smith's residence they requested and received consent to search the premises. There, they found chemicals that the State's expert in drug testing and analysis testified were known to be precusors for the manufacture of methamphetamine. Several chemicals commonly used for the manufacture of methamphetamine were recovered, including heptane, hexane, sulfuric acid and lithium. Also found were two cans of Red Devil lye and "numerous blister packs" which previously encased pseudoephedrine pills, as well as coffee filters and face masks. A bottle of rubbing alcohol, a cooler and some tubing were found in the kitchen.
¶ 7. Agent Reynolds further testified that she took a statement from Smith and that Smith signed the statement. In the written statement, Smith admitted that he had allowed Meade to "cook meth" at his house and that Meade agreed to give him a percentage of the profits from the methamphetamine manufactured and sold. Smith admitted that he had signed the statement but claimed that he had not read it prior to execution.
¶ 8. While Smith testified that the various chemicals found at his residence were stored at his home for reasons other than the manufacture of methamphetamine, we are mindful that "[f]actual disputes are properly resolved by the jury and do not mandate a new trial." Benson v. State, 551 So.2d 188, 193 (Miss.1989). Where there is conflicting evidence, the jury has the responsibility to resolve the evidence and arrive at a verdict. Craig v. State, 777 So.2d 677, 680(¶ 10) (Miss.Ct. App.2000). "It is not for this Court to pass upon the credibility of witnesses and where evidence justifies the verdict it must be accepted as having been found worthy of belief." Id. at 680(¶ 11) (quotation omitted). In this case, the jury found Smith guilty of the charges. The circuit court properly denied the motions for JNOV and for new trial.
*770 ¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF ITAWAMBA COUNTY OF CONVICTION OF POSSESSION OF PRECURSORS FOR THE MANUFACTURE OF METHAMPHETAMINE AND SENTENCE OF TWELVE YEARS WITH FIVE YEARS SUSPENDED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, FIVE YEARS POST-RELEASE SUPERVISION AND A FINE OF $5,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ITAWAMBA COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.